## STATE v. RIDDICK BAKER.

In an indictment containing two counts, one for Larceny and the other for Receiving stolen goods, the jury may bring in a general verdict of guilty, the grade of punishment being the same for each offence.

(*State* v. *Speight*, 69 N. C. Rep., cited and approved, and *State* v. *Worthington*, 64 N. C. Rep. 594, cited and distinguished from this.)

INDICTMENT, charging the defendant with larceny and receiving stolen goods, tried before his Honor, *Judge Clarke*, at Fall Term, 1873, of the Superior Court of WILSON county.

The jury found the defendant guilty generally, on the trial of the indictment, which contained two counts : one for stealing, and the other for receiving stolen goods. Defendant moved for an arrest of judgment, because the verdict was too general, it being " inconsistent and absurd " to find the de-

fendant guilty of stealing certain property, and at the same time guilty of receiving such property, knowing it to be stolen. No judgment could be given on such verdict.

His Honor refused the motion and gave judgment against the defendant, from which judgment he appealed.

*Faircloth & Granger,* for appellant, cited and relied on the case of the *State* v. *Worthington,* 64 N. C. Rep. 594.

*Attorney General Hargrove,* for the State, cited sec. 23, chap. 35, Rev. Code, which provides for the joinder of the two counts as contained in the indictment under review; also the decision of this Court in the *State* v. *Speight,* 69 N. C. Rep. 72, in which a general verdict of guilty upon a similar indictment was upheld.

PEARSON, C. J. On the argument it was conceded by the counsel of the defendant, that *State* v, *Speight,* 69 N. C. Rep. 72, was decisive against him. It is there said, " It may be that the prisoner stole the spirits of turpentine, or received the spirits of turpentine, knowing it to have been stolen. The grade of offence and the punishment are the same, and the joinder of the two counts is *allowed by statute,* because of the difficulty of proving whether the prisoner stole the thing himself or got some one else to steal it for him, or received it from some person, knowing it to have been stolen; and it is decided that by force of the statute, upon an indictment charging the prisoner with stealing the article in one count, or with receiving the article knowing it to have been stolen, in another count, judgment may be rendered upon a general verdict, finding the defendant guilty in manner and form as charged."

It will be noted the decision is put upon the effect of the statute, and no reference is made to the remarks in *State* v. *Worthington,* 64 N. C. Rep. 594: " Where several counts in an indictment set out different ways in which the crime was committed, the jury need not find in which of the ways it was committed, but may find a general verdict; but when the in-

dictment charges *two distinct offences* of different grades and of such a a nature that if the defendant be guilty of one, he cannot be guilty of the other, no judgment can be rendered on a general verdict. These difficulties are all put out the way by amendment."

The remarks in this case refer to the common law, and no reference is made to the statute by which the offences are put on the same grade.

This will seem to reconcile the two cases, or rather to show that the discrepancy happened because in the first case the remark was made as if the matter was at common law without adverting to the statute by which the distinction is removed.

No error. This will be certified.

Per Curiam.                                    Judgment affirmed.