STATE v. PRINCE JONES.

*Punishment—Disqualification for office and suffrage—Practice.*

1. The disqualification for office and the loss of the right of suffrage imposed by article six of the constitution, upon persons convicted of infamous offences, constitute no part of the judgment of the court, but are mere consequences of such judgment. The sentence of the court is just such as the law prescribed before the adoption of that article.

2. The court suggest, that on trial of an indictment for larceny and receiving, the jury be instructed to specify upon which count they render their verdict, or the solicitor be held to his election, or enter a *nol. pros.* after verdict against defendant as to one of the counts.

INDICTMENT for Larceny, tried at June Special Term, 1879, of WAKE Superior Court, before *Eure, J.*

The bill of indictment contained two counts, one for larceny and the other for receiving stolen goods. The jury returned a general verdict of guilty, and the defendant's counsel moved in arrest of judgment on the ground that the indictment contained two counts charging different offences with different punishments. The motion was overruled and the defendant appealed.

*Attorney General* and *T. M. Argo,* for the State.
*Messrs. Hinsdale & Devereux,* for the defendant.

ASHE, J. It is urged in the argument of the defendant's counsel before this court, that the two counts in the indictment cannot be joined because the punishment is different ; that by article six, section one, of the constitution, all persons convicted of felony or any other crime infamous by the laws of the state are deprived of the right of suffrage, and by section five of the same article, all persons are disqualified for holding office who shall be convicted of trea-

son, felony or any other infamous crime, and that this disqualification for office and loss of the right of suffrage are punishments affixed by the constitution to the crime of larceny, in addition to the punishment of imprisonment for not less than four months, nor more than ten years, as prescribed by the act of 1868–'69, ch. 167, § 9, because the offence is not only a felony but an infamous crime; and that receiving stolen goods knowing them to be stolen is not a felony, being a misdemeanor at common law and by statute, and not falling within the class of offences held to be infamous.

If the courts were authorized by legislative enactment to pronounce in their judgments upon a conviction of larceny the disqualification of the defendant for office and his deprivation of his right to vote, then the judgments and punishments would be different and there would be much force in the argument, in the absence of any other legislation on the subject. But the courts have no such power. They can only render such judgments as the law annexes to the crimes, and empowers them to pronounce. For the crime of larceny the law has prescribed the punishment, which the courts by their judgments may impose, to be imprisonment in lieu of corporal punishment. This is the only judgment they can pronounce, the only punishment they can impose. In rendering their judgments they cannot look to consequences. They have nothing to do with the disqualifications and penalties, which under the constitution, may result from them. But it may be objected that when after a conviction by general verdict and judgment in a case like this, an attempt shall be made to deprive the defendant of his right of suffrage or he shall be threatened with amotion from office in consequence thereof, it would be difficult to decide what was the effect of the judgment. The answer to that is, it will be time for the courts to consider that question when it shall arise. In this case we hold

the punishment is not different, and the joinder of the counts is authorized by the legislature.

Before closing this opinion, we would suggest that all the difficulties and questions of doubt that might arise in enforcing the disabilities imposed by the constitution, after conviction in this and similar cases, may be prevented by the exercise of a little particularity on the part of the courts in the conduct of criminal actions. In a case like this for instance, the judge might hold the solicitor to his election or instruct the jury to specify upon which count they rendered their verdict, or the solicitor might enter a *nolle prosequi* after verdict against defendant as to one of the counts, which he has a right to do. *Commonwealth* v. *Tuck*, 20 Pick., 356; *State* v. *Smith*, 49 N. H.; *Com.* v. *Gillespie*, 7 Sergt. & R. 469. Let this be certified, &c.

PER CURIAM.                                        No error.