STATE v. ALEXANDER MORRISON.

*Larceny and Receiving—Election.*

On trial of an indictment for larceny and receiving, &c., the two counts relating to the same transaction and varied to meet the probable proofs, the court will not order the solicitor to elect upon which count he will proceed.

(*State* v. *Eason*, 70 N. C., 88; *State* v. *Baker*, 70 N. C., 530; *State* v. *Speight*, 69 N. C., 72; *State* v. *Jones*, 82 N. C., 685, cited and approved.)

INDICTMENT for larceny tried at Fall Term, 1881, of CA-
BARRUS Superior Court, before *Avery, J.*

The indictment contains two counts—one for the larceny
of some wheat, and the other for receiving the same wheat,
knowing it to be stolen. After the evidence was in, the de-
fendant's counsel moved the court to require the solicitor to
elect upon which count he would proceed, but his Honor
refused the motion, and the defendant excepted, and this
was the only exception taken for defendant. After verdict
and judgment against defendant he appealed to this court.

*Attorney General*, for the State.
No counsel for defendant.

RUFFIN, J. The common law rule is, that if an indict-
ment contains charges distinct in themselves and growing
out of separate transactions, the prosecutor may be made to
elect, or the court may quash. But when it appears that
the several counts relate to one transaction, varied simply to
meet the probable proofs, the court will neither quash nor
enforce an election. *State* v. *Eason*, 70 N. C., 88.

In this case, it is the same wheat which is alleged to have
been stolen, and to have been received, so that there can be
no doubt that the two counts relate to the same transaction,
and that the charge is diversified only out of an abundance
of caution, and in order to be prepared for the result of the
proofs.

At common law, a joinder of a count for a misdemeanor
(which receiving is) with one for a felony, was not permitted,
because the defendant's rights, in regard to challenging ju-
rors, differed as to the two offences—though there are some
old cases, both in England and this state, in which it was
done previous to any statute.

But to remove all doubt about it, statutes were passed as
well there as here, allowing such a joinder to be made, not-

withstanding the discrepancy as to the grade of the two of-
fences. Their statute (24 and 25 Vict., c. 96,) is fuller than
ours, and in terms provides that in case of such a joinder of
the two counts, " the prosecutor shall not be put to an elec-
tion." Ours contains no such provision, but ever since the
day of its adoption has been construed to mean the same
thing.

In the case of the *State* v. *Baker*, 70 N. C., 530, it is said
that under an indictment containing two counts, one for
larceny and the other for receiving stolen goods, the jury
may bring in a general verdict of guilty, and in discussing
the question, PEARSON, C. J., admits that it could not be done
at common law, and bases his decision wholly on the *statute*,
and cites the case of *State* v. *Speight*, 69 N. C., 72, as authority
for the position.

In the case of the *State* v. *Jones*, 82 N. C., 685, the point
was made, that a joinder of the two counts would no longer
be allowed, now that the constitution imposes upon all per-
sons convicted of infamous offences, a disqualification for
office and the right of suffrage, thereby, as it was said, crea-
ting a difference in the mode of punishment between the
two offences. But this court held that the disqualification
was the effect, but no part of the sentence denounced by the
law, and the sentence being now, as it was before the adop-
tion of that article in the constitution, there was no detrac-
tion from the right of the state to have both counts in the
same indictment, and to try under both before the same
jury.

Conceding that at common law a joinder of the two
counts would not be allowed, it is too late now after the re-
peated decisions upon the point, and all pointing in the
same direction, to revive the question as to the effect of the
statute.

There is no error. Let this be certified to the superior

court of Cabarrus county, to the end that the matter may be proceeded with according to law.

No error.                                              Affirmed.