STATE v. THOMAS CARTER.

*Case on Appeal—Counts in Indictment—Larceny— Verdict.*

1. Where the case on appeal shows no exceptions to the admission or refusal of testimony, nor to the charge, and that no special instruction were asked, the judgment will be affirmed, unless error appears upon the face of the record proper.
2. Where there are two counts in an indictment, each charging a felony, a general verdict is good without specifying upon which count it was rendered.
3. The charge of the theft of "$5 in money of value of $5" is good under *The Code*, § 1190, and is sustained by the proof of the theft of any kind of coin or treasury or bank notes without proof of the particular kind of coin or treasury or bank note.
4. Where an indictment for larceny laid the property in "W. A. C., agent of the Farmers' Exchange," and there was no exception that the evidence failed to show a special property in C.: *Held*, that the words "agent of Farmers' Exchange" are mere surplusage, and the verdict of guilty establishes all the material facts charged in the indictment, including that of the ownership.

Indictment for larceny, tried before *Boykin, J.*, and a jury, at Spring Term, 1893, of DAVIE Superior Court. Defendant was convicted, and appealed.

*The Attorney General* and *T. B. Bailey*, for the State.
No counsel, *contra.*

CLARK, J.: The case on appeal states that there were no exceptions to the admission or refusal of testimony, nor to the charge, and that no special instructions were asked. The judgment must be affirmed, unless there is error upon the face of the record proper. *State* v. *Bell*, 103 N. C., 438, and other cases cited in Clark's Code (2d Ed.), p. 582.

The defendant was indicted for larceny, with a second count for receiving stolen goods, knowing them to have been stolen. There was a general verdict of guilty without specifying upon which count. *The Code*, §1191, permits the joining of the two counts, and a general verdict was held good without specifying upon which count it was rendered, in *State* v. *Speight*, 69 N. C., 72; *State* v. *Baker*, 70 N. C., 530, and *State* v. *Jones*, 82 N. C., 685. These cases were decided when the first count (larceny) was a felony, and the second (for receiving) was only a misdemeanor. *A fortiori*, a general verdict is valid, since the Act of 1891, ch. 205, which makes both charges felonies. The second count is not defective, though using some unnecessary phraseology. But if it were defective, the Court would place the verdict to the good count. *State* v. *Toole*, 106 N. C., 736, and cases there cited.

The charge of the theft of $5 in money of the value of $5 is good under *The Code*, § 1190, and was sustained by proof of the theft of any amount of coin or treasury or bank notes without proof of the particular kind of coin or treasury or bank note. *State* v. *Freeman*, 89 N. C., 469. The property is laid in " W. A. Clements, agent of the Farmers' Exchange." There is no exception that there was a variance, or that the evidence failed to show a special property in Clements. The verdict establishes all the material facts charged in the indictment, including that of the ownership. The words, " agent of the Farmers' Exchange," are mere surplusage. This dif-

fers from *State* v. *Jenkins,* 78 N. C., 478, in that, there, exception was taken on the trial that the evidence did not show any special property in the railroad agent, in whom the ownership was laid. His possession being merely, on the evidence, the possession of a servant, he had no property therein and the ownership should have been laid in the corporation.

There being no error on the face of the record, the judgment is                                                Affirmed.