IN THE MATTER OF J. D. POWELL.

(Filed 15 December, 1954.)

**1. Criminal Law § 62e—**

    While cumulative sentences may be imposed on conviction of, or plea of guilty to, two or more offenses charged in separate counts in the same indictment, such sentences must be based upon separate and distinct criminal offenses.

**2. Larceny § 1: Receiving Stolen Goods § 1a—**

    While the crimes of larceny and receiving stolen property knowing it to have been stolen, are different offenses and not degrees of the same offense, the offense of receiving presupposes that the property in question had been stolen by some person other than the one charged with receiving, and therefore, a person cannot be guilty both of stealing property and of receiving the same property knowing it to have been stolen.

**3. Criminal Law §§ 62a, 62e—**

    Upon defendant's plea of guilty to a count of larceny and to a count of receiving the same property knowing it to have been stolen, defendant was given an active sentence of twelve months on the count of receiving and an eight years suspended sentence on the count of larceny. *Held:* The dual punishments may not be upheld on the theory that the composite of the two is within the maximum allowed by statute for either of the offenses, since a sentence must be active in full or suspended in full.

**4. Criminal Law §§ 62a, 62f—**

Defendant pleaded guilty to a count of larceny and a count of receiving the same property knowing it to have been stolen. The court gave defendant an active sentence on the count of receiving and a suspended sentence on the count of larceny. After serving the full sentence imposed on the count of receiving, the suspended sentence was ordered placed in effect for alleged violations of the terms of probation of the sentence for larceny. *Held:* The sentence on the count of receiving will be treated as the valid sentence of the court, and defendant's confinement on the sentence imposed on the larceny count is invalid.

PETITION for *certiorari.*

At the September Term, 1950, of the Superior Court of Rowan County the petitioner, J. D. Powell, hereinafter called the defendant, stood accused in three separate criminal cases of the following offenses, all alleged to have been committed 9 June, 1950: (1) larceny, (2) receiving stolen property knowing it to have been stolen, (3) reckless driving, and (4) driving while drunk. The charges of larceny and receiving were included in a two-count bill of indictment and each count relates to one and the same article of property; namely, a 1941 Ford truck belonging to one S. R. Secrest. The charges of reckless driving and driving while drunk were laid in separate warrants. In each case the defendant entered a plea of guilty as charged. Whereupon Judge Gwyn, then presiding, ordered all the cases consolidated for judgment, which was pronounced in substance as follows: On the receiving count the defendant was given an active prison sentence of twelve months, to run concurrently with an unexpired prison sentence of about twelve months he was then serving. On the larceny count it was directed that the "defendant be confined in the State's Prison for a term of eight (8) years," judgment suspended and defendant placed on probation for a period of eight years upon certain enumerated conditions, the terms of which are omitted as not being pertinent to decision. The judgment is silent as to the charges of reckless driving and driving while drunk.

Upon completion of the active sentence imposed on the receiving count, the defendant was released from prison. Following this, and on 12 February, 1952, he was brought by the Probation Officer before Judge Clement, then presiding over the Superior Court of Rowan County, for alleged violations of the terms of his probationary suspended sentence. Judge Clement found the defendant had violated the conditions of probation in various particulars and entered judgment directing that the eight-year suspended sentence be placed in effect. He is now serving this sentence.

On 27 September, 1954, the defendant, challenging the validity of the eight-year sentence and his imprisonment thereunder, petitioned Judge Rudisill, Resident Judge of the Fifteenth Judicial District, for writ of *habeas corpus.* Upon return of the writ, Judge Rudisill, being of the

opinion the defendant's sentence and confinement were legal and valid, by order dated 2 October, 1954, denied his application for relief. Following this, the defendant forwarded his petition, with copy of Judge Rudisill's order, to this Court. The petition was accepted and treated as a petition for writ of *certiorari* to review the proceedings below. On 4 November, 1954, we allowed the petition and, on being advised the defendant was unable to employ counsel, designated John R. Jordan, Jr., Esq., of the Raleigh Bar, as counsel for the defendant.

*R. Brookes Peters and L. J. Beltman for the State.*
*John R. Jordan, Jr., by Court appointment, for the defendant.*

JOHNSON, J.  It is settled law that cumulative sentences may be imposed on conviction or plea of guilty of two or more offenses charged in separate counts of the same indictment.  *S. v. Moschoures,* 214 N.C. 321, 199 S.E. 92; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Chavis,* 232 N.C. 83, 59 S.E. 2d 348.  However, jurisdiction to inflict separate, cumulative punishments in such cases is dependent upon the fact that distinct violations of the law have been committed, and in order that separate offenses charged in one indictment may carry separate punishments, they must rest on distinct criminal acts.  15 Am. Jur., Criminal Law, sections 451 and 470.

The crimes of larceny and receiving stolen property knowing it to have been stolen are different offenses, and not degrees of the same offense. 52 C.J.S., Larceny, section 5.  This is explained in detail by *Denny, J.,* in *S. v. Brady,* 237 N.C. 675, 75 S.E. 2d 791.  It suffices here to note that the crime of receiving presupposes, as an essential element of the offense, that the property in question had been stolen by someone *other than* the person charged with the offense of receiving.  Therefore, it is manifest that a person cannot be guilty both of stealing property and of receiving the same property knowing it to have been stolen.  If the one is true, the other cannot be.  See *Bargerser v. State,* 95 Fla. 404, 116 So. 12; *Commonwealth v. Haskins,* 128 Mass. 60; *In re Franklin,* 77 Mich. 615, 43 N.W. 997; 32 Am. Jur., Larceny, section 155; Annotation, 80 A.L.R. 171, p. 174.  Accordingly, a plea of guilty, as here, of stealing property and of receiving the *same property* knowing it to have been stolen will not support separate, cumulative sentences.

Nor may the dual punishments here imposed be sustained on the theory that the composite of the two is within the maximum allowed by statute for either of the offenses charged.  This is so for the reason it was not within the power of the court below to impose sentence active in part and suspended in part.  Where a single offense is involved, the sentence must be made active in full or suspended in full.  We do not sanction the split-

sentence. It is in effect, as explained by *Seawell, J.,* in *S. v. Lewis,* 226 N.C. 249, 37 S.E. 2d 691, an anticipatory pardon or parole, violative of the provisions of the Constitution of North Carolina appertaining to pardons and paroles. See also 15 Am. Jur., Criminal Law, sections 382 and 389.

Since the defendant could not be guilty of both larceny and receiving, the court below had power to impose punishment on only one count in the bill of indictment. Nevertheless, the court gave the defendant an active sentence of twelve months on the receiving count and an eight-year suspended sentence on the larceny count. He has served in full the sentence imposed on the receiving count. This we treat as the valid sentence of the court. The defendant's present confinement is under the sentence imposed on the larceny count, which must be treated as invalid. See also *S. v. McBride,* 240 N.C. 619, 83 S.E. 2d 488.

It necessarily follows that the defendant is entitled to immediate release. It is so ordered. To that end the Clerk of this Court will certify copies of this opinion to the Clerk of the Superior Court of Rowan County and to the Director of Prisons, with direction that the defendant be discharged immediately from custody.

Error and remanded.