## STATE v. HOWARD TAFT MESHAW.

(Filed 8 May, 1957.)

**1. Criminal Law § 53q—**

Where several defendants are tried jointly, a charge which, in effect, instructs the jury that it should convict all the defendants if any one of them was guilty, is prejudicial error.

**2. Larceny § 4: Receiving Stolen Goods § 3: Indictment and Warrant § 8—**

A charge of larceny of goods of the value of $3,000 and a charge of receiving the stolen property with knowledge that it had been stolen, may be joined as separate counts in a single bill, each being a felony. G.S. 14-70, G.S. 14-71, G.S. 14-72, G.S. 15-152.

**3. Criminal Law § 54b—**

A verdict of guilty as charged is a verdict of guilty as to each and all counts in the bill of indictment.

**4. Larceny § 9: Receiving Stolen Goods § 8—**

In a prosecution upon an indictment charging in one count larceny and in another count receiving the stolen goods, a verdict of guilty as charged is equivalent to a verdict of guilty as to each count, and is not merely inconsistent, but contradictory, since a defendant may be guilty of larceny or of receiving, but not both.

**5. Criminal Law § 81c (4) —**

The jury returned a verdict of guilty as charged to an indictment charging both larceny and receiving the stolen goods with knowledge that they had been stolen. A *single judgment was entered on the verdict.* There was error in the court's instruction to the jury on the count of receiving. *Held:* Since defendant could not be guilty of both larceny and receiving the same goods, and it is impossible to determine to which count the verdict related, it is impossible to determine whether the error is prejudicial or harmless, and therefore a new trial must be awarded.

APPEAL by defendant from *Burgwyn, E. J.,* October Special Term, 1956, of WAKE.

Criminal prosecution tried on a bill of indictment charging appellant and three others, jointly, in two separate counts: *first,* with the larceny of copper, copper wire, scrap iron, steel plates, beams, batteries and steel cables of the value of $3,000.00, the property of Max Bane; and *second,* with receiving said articles, knowing them to have been feloniously stolen, in violation of G.S. 14-71.

As to appellant and one codefendant, the jury's verdict was "guilty as charged." As to the other two codefendants, the record shows: as to one, a mistrial was ordered; and as to the other, a verdict of not guilty was returned.

As to appellant, the court pronounced a single judgment imposing a prison sentence; and thereupon appellant excepted and appealed.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*George Rountree, Jr., for defendant, appellant.*

BOBBITT, J. Appellant does not now challenge the sufficiency of the evidence to survive his motions for nonsuit. Moreover, the basis upon which a new trial is awarded renders unnecessary a recital of the evidence.

Herein, without repetition of the several elements thereof, the word "receiving" refers to the statutory criminal offense defined in G.S. 14-71.

The record shows that the court gave this instruction: "If the State has satisfied you beyond a reasonable doubt that the property was stolen and that Meshaw (appellant), Pate *or* either of the Pates, *or* Kueghn, later after it was stolen received the same knowing the same to have been stolen, and with a fraudulent intent to convert to their own use, then it would be your duty to find *them* guilty on the second count of receiving stolen goods, knowing the same to have been stolen." (Italics added.) Appellant's exceptive assignment of error, directed to the quoted portion of the charge, is well taken; for the gist of this instruction as recorded is that the jury should convict *all* of the defend-

ants if *any one* of them received stolen property with knowledge that it had been stolen and with felonious intent.

(Since the record shows that, as to Arnold Gordon Pate, the jury returned a verdict of "not guilty," but shows further that the court pronounced judgment, reciting that he had been convicted, doubt is cast upon the accuracy of the record in other respects. Even so, the record imports verity; and we must deal with it accordingly.)

The court explained to the jury that the two counts charged separate and distinct criminal offenses; and the instructions given were to the effect that as to each defendant the jury should return one of three possible verdicts, either guilty of larceny as charged in the first count, *or* guilty of "receiving" as charged in the second count, *or* not guilty. Even so, the record shows that as to appellant the verdict returned was "guilty as charged."

While not conceding error therein, no reason is advanced by the Attorney-General to sustain the quoted portion of the charge relating to the second count. Rather, he takes the position that there is no error in respect of the larceny count; and that, since a single sentence was pronounced, the general verdict of "guilty as charged" is sufficient to support a valid judgment and sentence on the larceny count notwithstanding error, if any, in respect of the "receiving" count.

It is first noted that each count charges a felony, punishable for a term not exceeding ten years. G.S. 14-70; G.S. 14-71; G.S. 14-72. Too, while involving separate and distinct criminal offenses, they may be joined as separate counts in a single bill. G.S. 15-152.

This Court has held that a verdict of "guilty as charged" is a verdict of guilty as to each and all counts in the bill. *S. v. Best,* 232 N.C. 575, 61 S.E. 2d 612; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Toole,* 106 N.C. 736, 11 S.E. 168.

The verdict here involves more than mere inconsistency. Typical of cases where inconsistency alone was involved is *S. v. Sigmon,* 190 N.C. 684, 690, 130 S.E. 854, where the jury returned a verdict of guilty of unlawful transportation of intoxicating liquor but failed to find the defendant guilty of possession of intoxicating liquor. Annotation: "Necessity of consistency in verdict in criminal case," 80 A.L.R. 171 *et seq.*

The verdict here purports to establish that the appellant is guilty of two separate and distinct criminal offenses, the nature of which is such that guilt of one necessarily excludes guilt of the other. He may be guilty of one or of the other, not both. *S. v. Neill,* 244 N.C. 252, 93 S.E. 2d 155; *In re Powell,* 241 N.C. 288, 84 S.E. 2d 906; *S. v. Brady,* 237 N.C. 675, 75 S.E. 2d 791. Hence, the verdicts on the two counts are not only inconsistent but are contradictory.

Because of the mutually exclusive nature of the two separate and distinct criminal offenses, a defendant charged in such two-count bill, upon motion therefor, would seem entitled to have the court receive first the jury's verdict as to the larceny count, and thereafter, *but only if the verdict be not guilty as to larceny,* receive their verdict as to the "receiving" count. *S. v. Toole, supra.* Indeed, in the absence of motion therefor, this would seem the preferable procedure.

The Attorney-General relies largely upon the statement by *Clark, J.* (later *C. J.*), in *S. v. Toole, supra,* quoted with approval by *Stacy, C. J.,* in *S. v. Smith,* 226 N.C. 738, 740, 40 S.E. 2d 363, viz.:

"When there is a general verdict of guilty on an indictment containing several counts, and only one sentence is imposed, if some of the counts are defective the judgment will be supported by the good count; and, in like manner, if the verdict as to any of the counts is subject to objection for admission of improper testimony or erroneous instruction, the sentence will be supported by the verdict on the other counts, unless the error was such as might or could have affected the verdict on them."

In *S. v. Smith, supra,* the prosecution was on a bill containing eight counts, each charging a separate offense in relation to intoxicating liquor. The verdict was "Guilty as charged in the bill of indictment." The basis of decision was the application of the well settled rule discussed by *Adams, J.,* in *S. v. Snipes,* 185 N.C. 743, 746, 117 S.E. 500, namely, that the verdict will be presumed to have been returned on the count or counts to which the evidence related. Hence, the contention that the judgment was erroneous because no evidence was offered to support several of the counts in the bill was rejected as without merit.

In *S. v. Toole, supra,* the prosecution was on a two-count bill charging (1) "the loud and boisterous use of a single profane sentence in a public place, etc., and its repetition for the space of ten minutes, to common nuisance, etc.," and (2) "the singing in a loud and boisterous manner on the public streets, etc., of an obscene song (setting out five lines thereof), and the repetition thereof for the space of ten minutes, in the presence of divers persons then and there present, to common nuisance, etc." The evidence relating to the first count tended to show that the alleged single profane sentence was used *once.* The evidence relating to the second count tended to establish all facts alleged therein. The jury returned a general verdict of guilty. A single judgment was pronounced.

When considering *S. v. Toole, supra,* these facts should be noted. The majority conceded error in the trial court's refusal to give a requested instruction relating to the first count. Since both counts were submitted, *Justices Shepherd* and *Avery,* dissenting, took the view that this error necessitated a new trial. Be that as it may, the point for emphasis here is that a verdict of guilty on the first count, whether based on an

erroneous instruction or otherwise, was not inconsistent with or contradictory of a verdict of guilty on the second count.

In 36 C.J., Larceny sec. 575, it is stated: "Where an indictment contains two counts, one for larceny and the other for receiving stolen goods, it has been held in jurisdictions where the offenses are of the same grade and subject accused to the same punishment that a general verdict of guilty is sufficient without specifying the count to which it relates." In support thereof, the author cites *S. v. Carter,* 113 N.C. 639, 18 S.E. 517; *S. v. Stroud,* 95 N.C. 626; *S. v. Jones,* 82 N.C. 685; *S. v. Baker,* 70 N.C. 530; *S. v. Speight,* 69 N.C. 72.

It is noteworthy that the instruction approved in *S. v. Speight, supra,* was that if the jury found "that the defendant either stole the turpentine *or* received it, knowing it to have been stolen, they must return a general verdict of guilty and nothing more." The gist of the cited North Carolina decisions is that the charges are alternative, mutually exclusive, but if the jury found the defendant guilty either of larceny, or of receiving stolen property knowing it to have been stolen, it was proper, without specifying the particular count to which the verdict related, to return a verdict of guilty. In these cases, the general verdict referred to is a verdict of guilty and no more. Too, no error was found in the conduct of the trial as to either count.

The same author (36 C.J., Larceny sec. 575) continues: "But in jurisdictions where grand larceny is a felony and receiving stolen goods is merely a misdemeanor a general verdict of guilty cannot be supported." Upon this principle, this Court held: When the punishment for stealing a horse was greater than the punishment for "receiving" the horse, a general verdict of guilty would not support a judgment. *S. v. Johnson,* 75 N.C. 123; *S. v. Goings,* 98 N.C. 766, 4 S.E. 121. See also, *S. v. Lawrence,* 81 N.C. 522.

The same author (36 C.J., Larceny sec. 575) concludes: "In no jurisdiction, it would seem, can one charged in separate counts with larceny and receiving be convicted under both counts, since the guilty receiver of stolen goods cannot himself be the thief, nor can the thief be the guilty receiver of goods which he himself has stolen." When the verdict is guilty on both counts, it is held in a number of jurisdictions that such a verdict cannot stand. 32 Am. Jur., Larceny sec. 155; Annotation: 80 A.L.R. 171, 174; 76 C.J.S., Receiving Stolen Goods sec. 22, p. 158.

Admittedly, our decisions in *S. v. Brady, supra, In re Powell, supra,* and *S. v. Neill, supra,* which recognize the contradictory character of such a verdict, might have led this Court to the result reached in the decisions cited in said texts and annotation. However, this Court has taken a different view. Our decisions are to the effect that, if there is a verdict of "guilty as charged" and the trial is free from error, or if there is a plea of guilty as charged, *a single judgment* pronounced

thereon will be upheld. *S. v. Best, supra; S. v. Warren,* 228 N.C. 22, 44 S.E. 2d 207; *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920; *In re Powell, supra.* In such case, it is regarded immaterial whether the verdict be considered as relating to the larceny count or to the "receiving" count. In short, since it has been established that the defendant is guilty of one *or* the other, in either case the judgment is sufficiently supported.

It is only when there is error in respect of one of the counts that it becomes imperative that the court know specifically whether the verdict relates to the count affected by the error or to the count that is free from error. In such case, when both counts are submitted, and the jury is instructed as to each, resulting in a verdict of "guilty as charged" or guilty on both counts, this Court cannot determine whether the error is prejudicial or harmless. Hence, when this situation is presented, as here, the defendant is entitled to a new trial on account of such error.

While expressions, based largely upon the quoted excerpt from *S. v. Toole, supra,* may be found in some of our decisions (*e.g., S. v. Caudle,* 208 N.C. 249, 180 S.E. 91), which would tend to support judgment, irrespective of error affecting the "receiving" count, we find none where error has been found in respect of either count and the point on which this decision rests was either raised or considered.

Since a new trial is awarded for the reason stated, it is unnecessary to discuss appellant's other assignments of error.

New trial.