**James Belton BROWN, Jr., Appellant,**

v.

**STATE OF NORTH CAROLINA,**
Appellee.

No. 9655.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1965.

Decided Jan. 14, 1965.

J. R. Davila, Jr., Richmond, Va. (Court-assigned counsel), for appellant.

Theodore C. Brown, Jr., Staff Atty. (T. W. Bruton, Atty. Gen., of North Carolina, on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM:

James Belton Brown, Jr., appellant, was indicted in the Superior Court of Durham County, North Carolina, the indictment charging him and one Williams with feloniously breaking and entering certain premises, stealing certain property and with having and receiving the said property knowing it to have been stolen. At the January 1962 term of said court both defendants entered pleas of guilty to receiving. Brown was not

represented by counsel. Each received a sentence of five years.

After serving a portion of his sentence Brown filed in the same court an application for a post-conviction hearing under the pertinent North Carolina statutes. That Court set aside his prior conviction and sentence and ordered that he be retried because he was not represented by counsel at the time he entered his plea of guilty to a felony in violation of his constitutional right.

At the August 1963 term of the same court, Brown appeared with counsel appointed by the court to represent him and again entered a plea of guilty to receiving stolen goods upon which plea he was sentenced to serve a term of from four to six years.

Petitioner's principal claim for relief in the instant case is that his court-appointed counsel made no effort to prepare for his second trial, that he failed to subpoena witnesses, that his counsel deceived and tricked him into entering a guilty plea through representations that counsel had arranged for a much shorter sentence than the one imposed, that counsel refused to follow petitioner's direction to apply to the court for permission to withdraw his plea of guilty and enter a plea of not guilty after sentence had been pronounced, and that counsel failed to give notice of appeal as petitioner had instructed and as counsel had agreed to do. In short, he charges that he did not have the *effective* assistance of counsel, in violation of his right guaranteed by the Constitution of the United States.

In January 1964, petitioner made application to the Superior Court of Durham County for a writ of habeas corpus which was denied. Later, in January, he applied to the Supreme Court of North Carolina for certiorari which was denied in March 1964. He next filed his petition for habeas corpus relief with the District Court for the Eastern District of North Carolina. His petition was denied without a hearing and the District Court in an opinion and order stated (erroneously, we think) that the "evidence supports the allegations that the petitioner has exhausted all of his available State remedies."

Our attention is particularly directed to the post-conviction procedures provided by the statutes of the State of North Carolina. Factually, it is interesting to note that petitioner used the North Carolina Post Conviction Hearing Act to his advantage in obtaining an order for a new trial in 1963 because of a violation of his constitutional rights. This demonstrates conclusively that Brown was aware of the post-conviction procedures which he had earlier invoked so successfully in obtaining relief.

■■ We are persuaded that the petitioner has not exhausted his available state remedies. In North Carolina habeas corpus relief may be obtained only on determination that the court which imprisoned the petitioner did not have jurisdiction of the offense or of the prisoner, or that judgment was not authorized by law; the judgment attacked must be *void* as distinguished from *erroneous*. In re Burton (1962), 257 N.C. 534, 541, 126 S.E.2d 581, and cases there cited. There can be no doubt that the court in which Brown was convicted on his plea of guilty had jurisdiction of the offense and of the petitioner; therefore, the judgment was not void.

The North Carolina Post Conviction Hearing Act, N.C. Code § 15-217, provides that a person imprisoned in the state penitentiary may institute a review proceeding in the court in which he was convicted and he may assert that, in the proceedings which resulted in his conviction, there was a *substantial denial of his rights under the Constitution of the United States or of the State of North Carolina, or both,* as to which there has been no prior adjudication by any court of competent jurisdiction.

In Miller v. State, 237 N.C. 29, 51, 74 S.E.2d 513, 528 (1953), the court in discussing the Act stated:

"* * * It is not designed to add to the law's delays by giving an accused two days in court where one

is sufficient for the doing of substantial justice under fundamental law. * * * It is enacted to provide an adequate and available post-trial remedy for persons imprisoned under judicial decrees who suffered substantial and unadjudicated deprivations of their constitutional rights in the original criminal actions resulting in their convictions because they were prevented from claiming such constitutional rights in the original criminal actions by factors beyond their control."

The District Court's denial of the habeas corpus petition is approved but for the reason that petitioner has failed to exhaust his available state remedies.

Appeal dismissed.