William H. DOSS, Petitioner,

v.

STATE OF NORTH CAROLINA, Respondent.

No. C-230-G-65.

United States District Court
M. D. North Carolina,
Greensboro Division.

April 4, 1966.

---

300

No atty. for petitioner.

Theodore C. Brown, Jr., Staff Atty., N. C. Dept. of Justice, Raleigh, N. C., for respondent.

EUGENE A. GORDON, District Judge.

The petitioner, William H. Doss, a prisoner of the State of North Carolina, hereinafter referred to as petitioner, has filed with this Court a petition for a writ of habeas corpus, and accompanied the petition with an affidavit of poverty. The petition was filed *pro se*, and an order has heretofore been entered permitting the petition to be filed without the prepayment of costs or fees, or security therefor. Petitioner contends that he was denied due process of law in that his court-appointed counsel entered a plea of nolo contendere without the petitioner's authorization; that his court-appointed counsel was incompetent and ineffective; that he was never advised of his right to counsel and his right to remain silent by law enforcement officers; that he was arrested without a warrant, and there was delay in taking him before a magistrate; that evidence obtained by illegal search and seizure was used against him; that the warrants for his arrest were not valid and did not charge a crime; that the Municipal Court accepted his waiver of a preliminary hearing; that the Municipal Court failed to

appoint counsel for him during the trial of the misdemeanor charges; and that the indictment upon which he was tried was insufficient and based on hearsay and incompetent evidence. The Court denies the relief requested by the petitioner for reasons hereinafter set forth.

Petitioner was taken into custody by law enforcement officers in Winston-Salem, North Carolina, on October 1, 1963, and warrants for his arrest were issued on October 2, 1963. One warrant charged petitioner with an attempt to commit a felony, to wit: storebreaking,[1] a misdemeanor; another warrant charged him with larceny,[2] a misdemeanor; and another warrant charged him with storebreaking and larceny,[3] a felony. Petitioner was tried on the misdeameanor warrants on October 4, 1963, in the Municipal Court of Winston-Salem, North Carolina. Petitioner, without aid of counsel, entered a plea of guilty to the misdemeanor charges, and he was sentenced to twelve months for larceny and six months for attempt to commit a felony. The latter sentence was to commence at the expiration of the first. Thereafter, petitioner filed notice of appeal from these convictions. Also on October 4, 1963, petitioner waived a preliminary hearing on the felony charge in the Municipal Court.

Thereafter, at the October 7, 1963, Term of Superior Court of Forsyth County, petitioner was indicted for storebreaking, larceny and receiving, all felonies. On October 8, 1963, Clyde C. Randolph · was appointed counsel by the Superior Court of Forsyth County to represent petitioner. On October 9, 1963, petitioner entered a plea of nolo contendere to the two misdemeanor charges which had been appealed from the Municipal Court and to the indictment. The Superior Court sentenced petitioner on the felony charges to imprisonment for not less than five nor more than eight years. The misdemeanor charges were consolidated with the felony charges for judgment.

Subsequently, petitioner requested a post-conviction hearing, and on the August 2, 1965, Term of Superior Court of Forsyth County, after petitioner had been appointed counsel, a hearing was held before Judge W. H. S. Burgwyn. Thereafter, on August 6, 1965, Judge Burgwyn entered judgment on the post-conviction hearing containing findings of fact and conclusions of law denying the petitioner relief. Subsequently, petitioner applied to the Supreme Court of North Carolina for a writ of certiorari. but the application was denied on October 19, 1965.

Petitioner alleges that he has been denied due process of law as guaranteed by the Constitution in that, first, his plea of nolo contendere in the Superior Court of Forsyth County was entered by his court-appointed counsel, Clyde C. Randolph, without petitioner's authorization; second, that his court-appointed counsel was incompetent and ineffective; third, that after petitioner was taken into custody by law enforcement officers, he was not advised of his rights to counsel and to remain silent; fourth that after petitioner was taken into custody, warrants for his arrest were not issued until the next day, and there was delay in taking him before a magistrate; fifth, evidence which was obtained by illegal search and seizure was used against him in his trial; sixth, that the arrest warrants, especially the one charging an attempt to commit a felony, were not valid and did not charge a crime; seventh, that the Municipal Court should not have accepted his waiver of a preliminary hearing on the felony charges; eighth, that the Municipal Court failed to appoint counsel for petitioner

---

1. An attempt to commit a felony is a misdemeanor in North Carolina. State v. Hare, 243 N.C. 262, 90 S.E.2d 550 (1955).

2. This was larceny of four hubcaps which were valued at less than $200.00. Larceny of property of a value of less than $200.-

00 is a misdemeanor. North Carolina General Statutes, Chapter 14, Section 72.

3. The warrant charging storebreaking and larceny was subsequently replaced by an indictment.

in the trial of the two misdemeanor charges; and ninth, the indictment charging petitioner with felonies was invalid and void as it was based on hearsay and incompetent evidence.

■ If a petitioner has been given a full and fair hearing in the state court and its findings of fact meet the required standards, this Court may deny petitioner a hearing and accept the findings of fact of the state court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Duckett v. Steiner, 4 Cir., 332 F.2d 178 (1964); United States ex rel. Abair v. Wilkins, 2 Cir., 333 F.2d 742 (1964), cert. den. 379 U.S. 977, 85 S.Ct. 679, 13 L.Ed.2d 568; United States ex rel. Hall v. People of State of Illinois, 7 Cir., 329 F.2d 354 (1964), cert. den. 379 U.S. 891, 85 S.Ct. 164, 13 L.Ed.2d 94; Petway v. Stallings, 248 F.Supp. 991 (E. D.N.C.1965).

The Supreme Court of the United States in Townsend v. Sain, 373 U.S. 293, 312, 313, 83 S.Ct. 745, 757, sets forth the rules and standards for federal courts to follow in accepting the findings of fact of the state court by saying:

" * * * In other words a federal evidentiary hearing is required unless the state-court trier of facts has after a full hearing reliably found the relevant facts. * * *"

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

■ With these standards in mind and after giving careful consideration to the record as a whole, including the transcripts of the trial and post-conviction hearing, the Court finds that the merits of the petitioner's contentions have been properly and judiciously resolved after a full and fair hearing, and the findings of fact and conclusions of law made by Judge Burgwyn are fully supported by the record as a whole. At the post-conviction hearing, the petitioner was represented by court-appointed counsel, and the following persons testified: Clyde C. Randolph, court-appointed counsel for petitioner at his trial and who petitioner alleges entered a plea of nolo contendere without his authorization and who was incompetent and ineffective; J. Erle Mc-Michael, who represented petitioner's co-defendant at the trial; John Seivers, a deputy sheriff who took petitioner into custody for questioning; G. R. Dillon, a deputy sheriff who accompanied John Seivers when petitioner was taken into custody; D. O. Southern, a deputy sheriff who investigated the charges against the petitioner and who signed two of the warrants for arrest; H. T. Hartley, a State Bureau of Investigation agent who accompanied officers in the investigation of the charges against petitioner; William H. Boyer, an attorney in Winston-Salem, North Carolina, who testified as to the reputation of Clyde C. Randolph; and the petitioner. The material facts were developed at the hearing, and no allegation of newly discovered evidence was made at the time of the hearing or now. The Court can find no reason that would indicate that the petitioner was not given a full and fair hearing, and concludes that the post-conviction hearing and the findings of fact from that hearing meet all the required tests. Therefore, the Court adopts the findings of fact of the state court insofar as they relate to the pertinent and material allegations of the petitioner. In adopting the findings of fact of the state court, the Court is cognizant of the fact that it can only adopt the facts found by the state court, and the Court must apply the applicable law. Townsend v. Sain, supra.

In regard to first contention of the petitioner, Judge Burgwyn found that petitioner authorized his court-appointed counsel to enter the plea of nolo contendere. Judge Burgwyn stated:

"The petitioner alleges that his plea of nolo contendere was entered by his court-appointed attorney without his consent, however, at the Post-Conviction hearing the testimony of the attorney and of the co-defendant's attorney clearly reflects that the petitioner in this cause, William H. Doss, had knowledge that the petitioner's counsel was of the opinion that he should enter a plea of guilty and had consented to such plea and that defendant's attorney, Mr. Clyde Randolph of the Forsyth County Bar, testified at great length in this hearing that he had advised the petitioner to enter a plea of guilty and that in his representation to him, he felt a plea of guilty was justified and that the petitioner, the defendant in the trial and the cause, readily agreed and authorized the defendant's attorney, Mr. Randolph, to enter the plea of guilty, and when the case came on for trial, the first co-defendant called to answer to the charge was Mr. Harrington, the co-defendant, and Mr. Harrington's attorney entered a plea of nolo contendere, and since in the practice in the State of North Carolina in criminal law in the Superior Court, a plea of nolo contendere is guilty in every aspect, there was no difference in this type of plea of nolo contendere than that of one of guilty as being the plea that the petitioner had authorized Mr. Randolph, his attorney, to enter. Based on these unquestioned facts which were in no way refuted and which all testimony points to as being true, this Court finds as a fact that the petitioner had authorized his attorney to enter the plea of guilty and that he was fully aware of the consequences of the plea and had been advised of what he was pleading to, and the possibility of a long sentence, and the possibility of what the maximum amount of sentence he could receive upon the plea of guilty to the felony or the offense with which he was charged."

When accepted by the court, a plea of nolo contendere becomes an implied confession of guilt and, for the purposes of the case only, equivalent to a plea of guilty. Bell v. C.I.R., 8 Cir., 320 F.2d 953 (1963); Ritchie v. North Carolina, 220 F.Supp. 374 (W.D.N.C.1963); Petway v. Stallings, supra; State v. Payne, 263 N.C. 77, 138 S.E.2d 765 (1964); Annotation, Plea of Nolo Contendere, 89 A. L.R.2d 540, 579. The entry of a valid plea of guilty without more is sufficient to warrant a conviction. Armprieter v. United States, 4 Cir., 256 F.2d 294 (1958), cert. den. 358 U.S. 856, 79 S.Ct. 88, 3 L.Ed.2d 90; State v. Wilson, 251 N.C. 174, 110 S.E.2d 813 (1959). As the Court accepts the finding of the state court as to petitioner's authorization of the plea of guilty, and that a plea of nolo contendere is not substantially different, therefore, it is concluded that the conviction based thereon is valid.

As to the second contention of the petitioner, Judge Burgwyn found as a fact that petitioner's court-appointed counsel, Clyde C. Randolph was not incompetent or ineffective in handling the charges against petitioner. Judge Burgwyn stated:

"The petitioner alleged that his court-appointed attorney was ineffective and that his representation was not proper. That all of the evidence in this case clearly reflects that Mr. Clyde Randolph is a learned attorney, a member of the Forsyth County Bar having practiced in many courts, both State and Federal, and that he has had a long and extensive practice in civil and criminal cases, and that he is held in high esteem by his fellow members of the Bar, and that in this case, he interviewed, reviewed, questioned and talked to the various witnesses, and that in the trial of the case, he very ingeniously presented to the Court a plea of nolo contendere and tempered same with facts which were true having to do with the defendant's assistance ren-

dered to a widow woman with children in hopes that the Court would in every aspect, after hearing this testimony which was completely hearsay, and which were allowed to come in to testimony and which the Court listened to, and which evidently the Court was impressed by, for it did not render a long and excessive sentence in the trial of this case upon the plea of the charges and based upon the facts and circumstances that Doss had a long criminal record of prior convictions. That this Court finds as a fact that Mr. Clyde Randolph of the Forsyth County Bar, is a learned attorney, is capable and competent and was capable and competent and did represent William H. Doss at the October, 1963, term of the Superior Court of Forsyth County in a capable, competent and learned manner, and did enter a plea of nolo contendere as he was authorized to do in the case as a result of his client, the defendant Doss, authorizing same."

After careful consideration of the whole record and the transcript of the trial, the Court can find nothing to indicate that petitioner's court-appointed counsel was incompetent or ineffective in handling the case. The rule regarding effective and competent representation is set forth by the court in Snead v. Smyth, 4 Cir., 273 F.2d 838, 842 (1959) wherein it stated:

> " * * * It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights."

With this standard in mind and in view of the facts found by the state court, which facts are amply supported by the record, this Court can only conclude that petitioner's court-appointed attorney,

Clyde C. Randolph, was not incompetent in handling the case, and petitioner was denied no constitutional right in this respect.

As to the third, fourth and fifth allegations of the petitioner concerning respectively, failure of officers to advise petitioner of his right to counsel and his right to remain silent;[4] delay in issuing warrants of arrest and taking petitioner before a magistrate, and use of evidence obtained by illegal search and seizure, the Court concludes that the entry of a valid plea of nolo contendere waived these defenses. A voluntary plea of guilty or nolo contendere waives all defenses and non-jurisdictional defects. Hoffman v. United States, 9 Cir., 327 F.2d 489 (1964); Adkins v. United States, 8 Cir., 298 F.2d 842 (1962); Bloombaum v. United States, 4 Cir., 211 F.2d 944 (1954).

In the sixth allegation of the petitioner, he contends that the arrest warrants were not valid and did not charge crimes. A warrant or an indictment in order to be valid must charge each element of the crime with such certainty as to identify the offense and protect the accused from being twice put in jeopardy for the same offense, and enable the accused to prepare for trial, and the court to proceed to judgment. State v. Bissette, 250 N.C. 514, 108 S.E.2d 858 (1959); State v. Anderson, 259 N.C. 499, 130 S.E.2d 857 (1963); United States v. Roberts, 4 Cir., 296 F.2d 198 (1961), cert. den. 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed. 2d 85. With this standard in mind, the Court is of the opinion and accordingly concludes that the warrant charging larceny of hubcaps is valid and sufficiently charges a crime.[5] As to the warrant charging storebreaking, larceny and receiving, the Court is of the opinion that it is sufficient, but the validity of this warrant is of no importance as petitioner was later indicted on the same charges. The Court finds that the indictment

---

4. Judge Burgwyn found as a fact that the officers advised the petitioner of his right to remain silent and his right to counsel.

5. North Carolina General Statutes, Chapter 14, Section 72. State v. Acrey, 262 N.C. 90, 136 S.E.2d 201 (1964).

charges the petitioner sufficiently to inform him of the offenses, in order that he can prepare his defense, and conviction thereunder will support a plea of former jeopardy upon a subsequent trial.[6]

As to the warrant charging an "attempt to commit a felony, to wit: storebreaking," the Court is of the opinion that this warrant does not sufficiently charge a crime. Even though petitioner plead nolo contendere, he can collaterally attack his conviction if the sentencing court did not have jurisdiction. Brown v. State of North Carolina, 4 Cir., 341 F.2d 87 (1965). In North Carolina, as elsewhere, a valid warrant or indictment is essential to jurisdiction. State v. Morgan, 226 N.C. 414, 38 S.E.2d 166 (1946). The Court is of the opinion that the failure to specify the store by name into which petitioner allegedly attempted to break and enter is fatal to validity of the warrant. 13 Am.Jur.2d 342, Burglary § 37. However, this avails petitioner little as all charges were consolidated for judgment, and the indictment and other warrant are valid. Therefore, the sentence based thereon is proper. Relief through habeas corpus is not available to a prisoner who is imprisoned under an invalid judgment when he is also held in custody under a valid judgment. Wilson v. Gray, 9 Cir., 345 F.2d 282 (1965).

In regard to the seventh allegation of the petitioner, there is no merit as there need be no preliminary hearing once an indictment has been returned. United States v. Gilchrist, 2 Cir., 347 F.2d 715 (1965); Barber v. United States, 4 Cir., 142 F.2d 805 (1944), cert. den. 322 U.S. 741, 64 S.Ct. 1054, 88 L.Ed. 1574. It is noted that petitioner makes no contention that the Municipal Court or any of its officers forced petitioner to waive the preliminary hearing.

As to the eighth allegation of petitioner, the Municipal Court did not deny petitioner any constitutional right by not appointing him an attorney in the trial of the misdemeanor charges even though he plead guilty. An indigent criminal defendant is entitled to the appointment and benefit of counsel at the "critical" stages of the proceedings. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); De-Toro v. Peppersack, 4 Cir., 332 F.2d 341 (1964); Annotation, Accused's Right to Counsel Under the Federal Constitution —Supreme Court cases, 9 L.Ed.2d 1260. In the determination of whether the trial of the petitioner in the Municipal Court of Winston-Salem was a critical stage of the proceedings, the Court makes reference to North Carolina General Statute, Chapter 15, Section 177.1 which provides:

> "In all cases of appeal to the superior court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and de novo by a jury, without prejudice from the former proceeding of the court below, irrespective of the plea entered or the judgment pronounced thereon."

In State v. Meadows, 234 N.C. 657, 68 S.E.2d 406, 408, (1951), Judge Ervin said in construing the above statute:

> "(W)henever the accused in a criminal action appeals to the superior court from an inferior court, the action is to be tried anew from the beginning to the end in the superior court on both the law and the facts, without regard to the plea, the trial, the verdict, or the judgment in the inferior court. * * * Since the trial in the superior court is without regard to the proceedings in the inferior court, the judge of the superior court is necessarily required to enter his own independent judgment."

Since petitioner was given a trial *de novo* in the Superior Court of Forsyth County with the aid and benefit of counsel and nothing done in the Municipal Court was used against him or to his prejudice, lack of counsel in the inferior court in no way denied petitioner due process of law. Spriggs v. State of

---

6. North Carolina General Statutes, Chapter 14, Sections 54, 71, 72.

North Carolina, 243 F.Supp. 57 (M.D. N.C.1965).

In his final allegation, petitioner contends that the indictment against him was based on hearsay and incompetent evidence. The petitioner does not state what evidence was presented before the grand jury which was incompetent and hearsay or that the grand jury was illegally constituted. However, the petitioner cannot now question the validity of indictment. As the court in Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397, 402, 403 (1955) stated:

> "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted or unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

After a careful review of the record, the Court feels that it is obligated to comment on two counts of the indictment. The petitioner was denied no right due to the fact that count two of the indictment (larceny) and count three of the indictment (receiving stolen property) were included in the same indictment. It is the uniform practice in North Carolina that larceny and receiving may be included in the same indictment, even though the charges are inconsistent and a defendant cannot be guilty of both. State v. Knight, 261 N.C. 17, 134 S.E.2d 101 (1964); In re Powell, 241 N.C. 288, 84 S.E.2d 906 (1954). When a defendant pleads guilty to the indictment, and a single judgment is pronounced thereon, it is regarded as im-

material whether the judgment is considered as relating to the larceny count or to the receiving count. It is only when there is some defect in either the larceny count or the receiving count, which is not the situation here, that knowledge of which count the defendant is pleading guilty to is required. State v. Meshaw, 246 N.C. 205, 98 S.E.2d 13 (1957).

In his petition to the Superior Court of Forsyth County for a post-conviction hearing, petitioner alleged that he was denied due process of law in that the two warrants and indictment were consolidated for trial. There was no denial of petitioner's constitutional rights, especially since all the charges grew out of transactions occurring on the same evening in close proximity to each other. North Carolina General Statute, Chapter 15, Section 152.

The Court finds that petitioner has not been denied his constitutional rights; therefore, the relief sought is denied.