**Howard E. ARMPRIESTER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7606.**

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided May 28, 1958.

Robert G. Cabell, Jr., Richmond, Va. (Court appointed counsel), for appellant.

Howard E. Armpriester, pro se, on brief.

W. F. Powers, Jr., Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Richmond, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

Howard E. Armpriester was indicted on four counts for altering Post Office money orders and on four counts for uttering them (18 U.S.C.A. § 500). Advised by court-appointed counsel, whose competency and integrity are unquestioned, he pleaded guilty to the four uttering counts and not guilty as to the others. On motion of the United States Attorney, the Court dismissed the counts to which pleas of not guilty had been entered.

To determine the appropriate sentence, the Court then heard a portion of the Government's evidence. A postal inspector testified that Armpriester was apprehended by the Norfolk police while attempting to cash an altered money order payable to John Arthur Lovelace; that on three previous occasions altered money orders, made out to the same payee, had been cashed by merchants; that Armpriester answered the merchants' description of the swindler; and that when arrested, he had in his possession an expired Virginia driver's license in the name of John Arthur Lovelace. In a contested case this testimony would have provided sufficient basis for a conviction. It was, of course, also pertinent and appropriate after a plea in connection with the sentencing.

This much the appellant does not dispute, but he complains that the postal inspector, in his recital, added that after the arrest Armpriester had made a statement admitting guilt. The argument is that any use of the statement is forbidden because it was obtained during unnecessary delay in taking him before the nearest available Commissioner, in violation of Rule 5(a) of the F.R.Crim.Proc., 18 U.S.C.A.[1]

---

1. "Rule 5. *Proceedings before the Commissioner*

"(a) *Appearance before the Commissioner*. An officer making an arrest under a warrant issued upon a complaint

In court the defendant at no time denied his guilt. When asked if he had anything to say before sentence, he merely offered as a mitigating circumstance, "I was figuring on making restitution. * * *"

Six months after the imposition of a sentence of three years on each of the four counts, the terms to run concurrently, Armpriester filed a motion to vacate judgment and sentence. 28 U.S.C.A. § 2255. Therein he alleged that while at a gasoline station in Norfolk, Virginia, on February 8, 1957, two police officers arrested him, telling him only to "come along"; that he was taken to police headquarters where these officers, joined by three postal inspectors, conducted "an interrogation interspersed with threats" from 5:15 p. m. until 10:30 p. m. "Finally under duress," Armpriester alleged, he gave evidence against himself. Not until 1:30 p. m. the next day was he given a hearing before a United States Commissioner.

The District Judge did not grant a hearing on the motion to vacate but, for the purpose of the motion, accepted the facts as therein stated. He denied the motion, and the appeal to this Court followed.

Armpriester now urges for the first time that "upon signing this statement, he was impressed with the futility of any other action than that of a plea of guilty and throwing himself on the mercy of the court." This contention appears to be an afterthought and is manifestly insubstantial. The motion to vacate sentence contained no such allegation. Not before the brief on appeal was there any hint that anything other than the availability of the swindled persons as witnesses and the certainty of overwhelming proof of guilt influenced the defendant to plead guilty. If there were any basis for a reasonable apprehension that the plea resulted from a confession illegally obtained, the defendant might be entitled to have the plea and the sentence stricken and a new trial granted. However, the circumstances in their entirety leave no room for suspicion that the confession to the police led even in part to the plea in court.

█ The entry of the valid plea of guilty operated, of its own force, to convict the defendant. Hunt v. United States, 4 Cir., 1956, 237 F.2d 267; Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; 14 Am.Jur., "Criminal Law," Sec. 272, p. 952. The sole question raised by this appeal, therefore, is the legal effect of the mention of the confession by the postal inspector after plea and before imposition of sentence.

█ A confession obtained in the circumstances alleged would certainly not be admissible in a trial upon a plea of not guilty. Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. Rule 5(a), as interpreted in Mallory, is the law, and is to be enforced according to its spirit. If by following up leads furnished in an illegally obtained confession, other incriminating evidence were made available to the prosecutor, we would have a different case. The teaching of the Mallory case is that insistence on strict compliance with Rule 5(a) is necessary to discourage police from the use of third degree methods, and that only in that way will the opportunity and the temptation be denied them. Unnecessarily prolonged detention before bringing the accused to a Commissioner or other judicial officer, to give police an opportunity to extract a confession, is odious to our federal criminal jurisprudence, as shown by the legislative and decisional history reviewed in the cited cases. Mallory v. United

---

or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

States, supra; McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100.

It is recognized that a court has wider latitude of inquiry in fixing the sentence than during a contest to decide an issue of guilt. Williams v. People of State of New York, 1949, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337; 15 Am.Jur., "Criminal Law," Sec. 519, p. 167. Nevertheless, we would not condone the use of evidence obtained in breach of the law, even for the limited purpose of determining the sentence. The rationale of the Mallory case is that judicial proceedings shall stand or fall independently of evidence obtained in violation of Rule 5(a). With clear recognition of this principle, we still find no support for the appellant's contention. To invoke Mallory in the present situation would require an unwarranted and strained interpretation of the rule until the concept of justice, in Cardozo's phrase, would be "narrowed to a filament." Snyder v. Com. of Massachusetts, 1934, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674. Here full information as to the appellant's guilt was in the hands of the police and postal inspectors before the arrest. The interrogation during detention, before bringing him to the Commissioner, produced none of the information recited by the inspector after defendant's plea. It was not only an illegal procedure, meriting condemnation; it was pointless. However, the offending statement itself was not introduced or used in any way. It did not lead the police to corroborative evidence of guilt. It was not a factor in prompting the plea. The existence of a statement was merely alluded to incidentally after the plea, and there was no intimation at the time by the defendant or his counsel that they thought the allusion objectionable.

Nor could anything in the inspector's remark, which is now objected to, possibly have influenced the length of the sentence, for the details of the offenses were not revealed thereby but were adduced independently.[2] We cannot perceive any possible prejudice to the appellant.

The order denying relief will be

Affirmed.

---

2. We have no occasion here to consider the desirability of the course suggested by some of the Justices in Lawn v. United States, 1958, 355 U.S. 339, 367, 78 S.Ct. 311, 2 L.Ed.2d 321, of remanding the case to determine whether "tainted" evidence merely paralleled "innocent" evidence. No such problem exists on this record.