**UNITED STATES of America,**
**Plaintiff,**

v.

**Andrew Louis FITZPATRICK,**
**Defendant.**

**Crim. A. No. 315.**

United States District Court
S. D. West Virginia.

July 12, 1960.

Percy H. Brown, Asst. U. S. Atty., Charleston, W. Va., for plaintiff.

Andrew Louis Fitzpatrick per se.

FIELD, Chief Judge.

This case involves a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. On April 16, 1951, movant, hereinafter referred to as petitioner, was sentenced by this Court on the first three counts of a five count indictment. The first and second counts of the indictment charged violations of 18 U.S.C. § 2314, relating to the placing of a false check in interstate commerce, and the third, fourth and fifth counts charged violations of 18 U.S.C. § 912, relating to obtaining a thing of value by the false assumption and pretense of acting as an officer of the United States Government. The petitioner was committed to the custody of the Attorney General for a term of ten years on the first three counts, the last two counts of the indictment having been dismissed on motion of the United States Attorney. After serving some time under the sentence, petitioner was granted parole but later was retaken into custody because of parole violations. Thereafter, he prepared and filed the present motion, acting on his own behalf.

In his motion petitioner contends first, that he was denied "effective assistance of counsel," and thereby deprived of his constitutional rights, and second, that at no time was he adjudged guilty by the Court.

In regard to the first contention, the record indicates that petitioner was arraigned and asked if he desired to have a lawyer, at which time he responded that he would like to speak to one. Thereupon, the Court appointed an attorney to represent petitioner and the United States Attorney delivered a copy of the indictment in the instant case as well as the other indictments pending against petitioner, including one which had been transferred pursuant to Rule 20, Fed. Rules Crim.Proc. 18 U.S.C. After conferring with his attorney, the petitioner again appeared before the Court and in response to inquiries by the United States Attorney stated that he had discussed all of the indictments with his

appointed counsel. Thereupon, he entered a plea of guilty to each of the first three counts of the indictment. With respect to the fourth and fifth counts after the petitioner, himself, had questioned the factual basis thereof, upon motion of the United States Attorney, these two counts were dismissed.

After the written pleas of the petitioner had been taken, the Special Agent of the Federal Bureau of Investigation made his report concerning the petitioner's criminal activities, which report consumed about an hour's time. Thereafter, the Court inquired whether the petitioner had anything to say to which petitioner responded, "No, I don't. I did everything there that is stated. I am guilty. How it started, I don't know, but I am guilty." Due to the fact that certain other indictments were pending, the Court deferred disposition of the case until April 16, 1951. On this latter date, petitioner appeared before the Court, and the Court again appointed counsel to represent him inasmuch as the attorney who represented him on his first arraignment was unavoidably absent. The petitioner having pleaded guilty to the other indictments, the Court again asked him if he had any statement and the petitioner made certain remarks which are not germane to the instant motion. After some discussion, the Court sentenced the petitioner to ten years on the present indictment and the maximum term on each of the other indictments to run concurrently with the original ten-year sentence.

My review of the record convinces me that petitioner was not deprived of any of his constitutional rights. The Court appointed qualified attorneys to represent him on each of his appearances; he had an opportunity to discuss the charges with these attorneys and his guilty pleas were entered after such discussion and with what certainly appears to have been a full understanding of the nature of the charges against him.

It might be that the question of "effective assistance of counsel" could present some problems in cases where a defendant has actually gone to trial or where there is evidence of undue persuasion to enter a guilty plea, but, in the instant case, the petitioner frankly and openly admitted his guilt and there is nothing to show that his guilty pleas were entered as a result of improper or ineffective legal advice.

Petitioner's second contention that at no time was he adjudged guilty by the Court likewise appears to be without merit. While the order entered on April 16, 1951, does not contain specific language of adjudication, nevertheless the judgment of guilty is certainly apparent within its four corners. The order recites the petitioner's plea of guilty and the inquiry by the Court as to whether he had anything to say why *judgment* should not be pronounced. The order then goes on to sentence the petitioner under the first three counts of the indictment to which his pleas had theretofore been entered. The lack of technical language in the order itself should not invalidate the commitment. "The judgment in a criminal case is the pronouncement by the judge from the bench, not the entry of the judgment by the clerk. The actual authority for execution of the judgment is the sentence, and the commitment functions to make the judgment of the court effective." Wilson v. Bell, 6 Cir., 137 F.2d 716, at page 720.

The petitioner here was not convicted and sentenced after a trial, but rather, stands convicted upon his own plea openly and intelligently entered after being fully apprised of the charges against him. Under these circumstances, it would appear that a formal judgment of conviction in the order was unnecessary. As was stated by Chief Judge Soboloff in Armpriester v. United States, 4 Cir., 256 F.2d 294, at page 296: "The entry of the valid plea of guilty operated, of its own force, to convict the defendant."

In petitioner's motion he states, "At the time of appearance before this Honorable Court, movant was twenty-one years of age, a naive, frightened and confused first offender, who was too ignorant to know that he had any rights and was

too over-awed to ask, lest he incur the Court's wraith (sic)." To my mind, a review of the record in this case fails to cast petitioner in such an image, and I do not believe any useful purpose could be served by granting a hearing on petitioner's motion to vacate.

The motion will be denied and a proper order to that effect will be entered incorporating this opinion as a part thereof.