STATE v. EUGENE HAMILTON LEWIS MUMFORD.

(Filed 31 January, 1947.)

**1. Burglary §§ 2, 3—**

Burglary is a common law offense, the elements of which are the breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony therein. Whether the building is occupied at the time affects only the degree. G. S., 14-51.

**2. Burglary § 4—**

House breaking or nonburglarious breaking is a statutory and not a common law offense, G. S., 14-54, and under the statute it is unlawful to enter a dwelling with intent to commit a felony therein, either with or without a breaking.

**3. Burglary § 14—**

In a prosecution for nonburglarious entry, evidence of a breaking, when available, is always relevant, but proof of a breaking is not essential to sustain conviction, and therefore nonsuit for want of such evidence is properly denied.

APPEAL by defendant from *Williams, J.,* at July Term, 1946, of DURHAM. No error.

Criminal prosecution under two bills of indictment consolidated for the purpose of trial, charging (1) an assault with intent to commit rape, and (2) a felonious nonburglarious breaking and entering of the residence of one J. N. Street.

On the morning of 13 July, 1945, all the members of the family of J. N. Street left their home located on Geer Street in the City of Durham. About noon his daughter returned from high school. Finding the front door locked, she entered through a window, changed clothes, and went to the back porch. Noticing that the screen door on the back porch was unlocked, she started to lock it when defendant rushed out of the bathroom which opened on the porch, grabbed her, and began choking her. Finally she broke away and ran. A few days later she identified the defendant as her assailant.

There was evidence tending to show that holes had been punched through the wire screen near the lock to the screen door opening on the back porch, but it does not appear that the lock was disturbed or that the screen door or windows were closed or that a breaking was effected.

The jury returned the verdict of guilty on the charge of housebreaking and guilty of an assault on a female in the felonious assault charge. The court pronounced judgment on each verdict and defendant appealed from the sentence imposed on the verdict under the bill charging a felonious breaking and entering.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Fuller, Reade, Umstead & Fuller for defendant, appellant.*

BARNHILL, J. The assignments of error relied on by defendant present only one question for decision: Was the evidence offered on the charge of nonburglarious entry such as to warrant the submission of the case to the jury? The answer to this question depends upon whether proof of a breaking is essential to sustain a conviction.

Burglary is a common law offense. To warrant a conviction thereof it must be made to appear that there was a breaking and entering during the nighttime of a dwelling or sleeping apartment with intent to commit a felony therein. That the building was or was not occupied at the time affects the degree. G. S., 14-51.

But defendant is not charged with the crime of burglary. He is indicted under G. S., 14-54. The offense there defined, commonly referred to as housebreaking or nonburglarious breaking, is a statutory, not a common law, offense. *S. v. Dozier,* 73 N. C., 117.

As first enacted this statute simply made it unlawful for a person to willfully break into any storehouse where any merchandise or any personal property is kept, or any uninhabited house, with intent to commit

a felony therein. Chap. 166, Public Laws, 1874-5. In 1879 it was amended so as to make it unlawful also to enter a dwelling house in the nighttime, otherwise than by breaking, with intent to commit a felony. Chap. 323, Public Laws, 1879. In the Code of 1883 the statute, as amended, was redrafted so as to provide in part: "If any person shall break or enter a dwelling house of another otherwise than by a bur-glarious breaking . . . with intent to commit a felony or other infamous crime therein" he shall be guilty of a felony. Sec. 996, Code 1883; Sec. 3333, Rev. 1905. In 1919 the section was again revised and the language "break and enter" used in reference to uninhabited houses, storehouses and similar buildings was deleted. C. S., 4235.

That section, now G. S., 14-54, is captioned "Breaking into or entering houses otherwise than burglariously" and makes it a crime for any person, with intent to commit a felony therein, to break or enter the dwelling of another, otherwise than by a burglarious breaking; or any uninhabited house; or any storehouse or similar building where personal property shall be.

Thus from the beginning, in respect to a dwelling, it is the entering otherwise than by a burglarious breaking, with intent to commit a felony, that constitutes the offense condemned by the Act. A breaking is not now and has never been a prerequisite of guilt and proof thereof is not required. S. v. McBryde, 97 N. C., 393; S. v. Hughes, 86 N. C., 662; S. v. Chambers, 218 N. C., 442, 11 S. E. (2d), 280.

Under the statute it is unlawful to break into a dwelling with intent to commit a felony therein. It is likewise unlawful to enter, with like intent, without a breaking. Hence, evidence of a breaking, when available, is always relevant, but absence of such evidence does not constitute a fatal defect of proof.

It follows that in overruling the demurrer to the evidence and denying the motion for a directed verdict the court below committed no error. The verdict and judgment must be sustained.

No error.