## STATE v. WILLIAM BEST.

(Filed 1 November, 1950.)

**1. Criminal Law § 8b—**

A person present, aiding and abetting another in the commission of a crime is guilty as a principal.

**2. Burglary §§ 4, 11—**

It is unlawful to enter a dwelling with intent to commit a felony therein even though there be no breaking, and therefore while evidence of a breaking, when available, is always relevant, absence of such evidence does not constitute a fatal defect of proof. G.S. 14-54.

**3. Larceny § 5—**

    Defendant's possession of stolen property recently after it is stolen raises an inference of guilt of larceny.

**4. Criminal Law § 81c (4)—**

    Where judgment is pronounced upon a general verdict of guilty on an indictment containing several counts, defendant's exception to the refusal of his motion to nonsuit cannot be sustained if there is sufficient evidence to support any one of the counts in the bill.

APPEAL by defendant from *Bone, J.,* June Term, 1950, of CRAVEN.

Criminal prosecution on a three-count bill charging the defendant with (1) non-burglariously breaking and entering, (2) grand larceny, and (3) receiving.

On 29 October, 1949, the defendant and one Ralph Godfrey went to the home of Mr. and Mrs. Elmer W. Rutt, No. 1312 Spencer Avenue, New Bern, and took therefrom a small amount of money and a large quantity of clothing belonging to the owners of the house.

The defendant and Godfrey were traveling in defendant's car. The defendant did not enter the house. He remained in the car while Godfrey went in through an open door, brought out the money and clothing and put them into the car. Earlier on the same day or the day before, Godfrey, when alone, had entered the house burglariously and left the door open as he departed. He gained knowledge of the contents of the house at this time, however.

The defendant and Godfrey took the clothing, first to defendant's house, then to Kinston, and finally to the home of defendant's parents in Pitt County.

The defendant offered no evidence. He demurred to the State's evidence, especially as it relates to the first and second counts in the bill.

The jury returned a general verdict of "guilty as charged."

Judgment: Imprisonment in the State's Prison for a period of not less than 2, nor more than 3, years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton and Walter F. Brinkley, Member of Staff, for the State.*

*Charles L. Abernethy, Jr., for defendant.*

STACY, C. J. The question for decision is whether the State's evidence survives the demurrer and suffices to carry the case to the jury on any or all of the counts in the bill of indictment. The trial court answered in the affirmative in respect of all three counts, and we approve.

The defendant was present, aiding and abetting the witness Godfrey at the time he entered the house and brought out the stolen chattels. This inculpates him as a principal in the crime then being committed. *S. v. Johnson,* 226 N.C. 671, 40 S.E. 2d 113; *S. v. Bell,* 205 N.C. 225, 171 S.E. 50; *S. v. Whitehurst and Manning,* 202 N.C. 631, 163 S.E. 683; *S. v. Jarrell,* 141 N.C. 722, 53 S.E. 127.

The fact that there was no burglarious breaking and entering at the time can avail the defendant naught. *S. v. Mumford,* 227 N.C. 132, 41 S.E. 2d 201. Indeed, the prior breaking and entering by Godfrey, when alone or when the defendant was not with him, has no bearing on the case. G.S. 14-54.

*S. v. Mumford, supra,* speaks directly to the point: "Under the statute it is unlawful to break into a dwelling with intent to commit a felony therein. It is likewise unlawful to enter, with like intent, without a breaking. Hence, evidence of a breaking, when available, is always relevant, but absence of such evidence does not constitute a fatal defect of proof."

Then, too, the defendant's possession of the fruits of the crime recently after its commission justified the inference of guilt on his trial for larceny. *S. v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725.

Moreover, there is ample evidence to support the third count in the bill of receiving stolen goods knowing them to have been stolen. G.S. 14-71; *S. v. Oxendine,* 223 N.C. 659, 27 S.E. 2d 814. This would sustain the judgment and repel the motion for nonsuit, even if the first two counts were eliminated. *S. v. Smith,* 226 N.C. 738, 40 S.E. 2d 363; *S. v. Graham,* 224 N.C. 347, 30 S.E. 2d 151; *S. v. Toole,* 106 N.C. 736, 11 S.E. 168.

No sufficient reason has been shown to justify an interference with the results of the trial. Hence, the verdict and judgment will be upheld.

No error.