Clifford R. HJELM, Appellant,

v.

UNITED STATES of America,
Appellee (four cases).

Nos. 16316–16319.

United States Court of Appeals
Eighth Circuit.

April 28, 1960.

Joseph Dudley and Michael G. Simon, St. Paul, Minn., appointed by Court, filed statement for appellant.

Fallon Kelly, U. S. Atty., St. Paul, Minn., filed statement for appellee.

Before SANBORN, MATTHES and BLACKMUN, Circuit Judges.

PER CURIAM.

Clifford R. Hjelm, upon his plea of not guilty to four indictments which were consolidated for trial and which in twenty-three counts charged twenty-three separate offenses having to do with applications for loans, was in May of 1959 tried to a jury and convicted on all counts. Twenty-two of the counts charged violations of 18 U.S.C. § 1010, proscribing the making of false statements in connection with applications for loans to be insured by the Federal Housing Administration. One of the indictments, in a single count, charged the willful making of a false statement to the St. Paul Federal Savings and Loan Association to influence its action in connection

with an application for a loan; in violation of 18 U.S.C. § 1014. The court imposed a general sentence upon all counts of four years and six months imprisonment and a $1,000 fine. The maximum sentence which could have been imposed under any single count was two years imprisonment and a $5,000 fine.

Hjelm appealed from his sentence, and applied for bail pending appeal. Bail was denied on June 18, 1959, by the trial judge (the Honorable Robert C. Bell), who, in a memorandum attached to his order, said:

"This Court was astonished during the trial at the magnitude and flagrancy of the defendant's activities. Evidence was adduced that the defendant and his associates, all of whom had previously pleaded guilty, had procured some 140 FHA loans totalling in excess of $60,000. It was developed that the defendant was the principal moving party in these activities, and that false representations were evident in all of the applications for FHA loans. * * *

"The defendant's conduct which was overwhelmingly demonstrated in the trial of these cases amply supports the view of this Court that the defendant, if enlarged on bail, could again menace the citizens of this community."

On July 15, 1959, Hjelm filed an affidavit of poverty and a motion for leave to appeal in forma pauperis. Leave was, on July 24, 1959, denied by the trial judge, who, in substance, certified that the appeals are frivolous and are not taken in good faith.

Hjelm thereafter filed in this Court a motion for leave to proceed in forma pauperis, notwithstanding the certificate of Judge Bell. Following the teachings of the Supreme Court in Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, we appointed Messrs. Joseph J. Dudley and Michael G. Simon, of the St. Paul bar, to assist Hjelm in demonstrating that Judge Bell had erred in certifying that the appeals were not taken in good faith. We expressed the hope that counsel appointed for Hjelm could, in cooperation with Government counsel, agree upon a statement of the case to enable us to determine whether any issue was raised which was not plainly frivolous.

The trial lasted from May 4 to May 22, 1959. There is no transcript of the evidence and no agreed statement of the case. We have the Reporter's transcript of the court's charge to the jury, together with the objections taken to it. On its face, the charge appears to be adequate, accurate and impartial. The jury were instructed that the question whether Hjelm was guilty or innocent of the various offenses charged in the four indictments was for them to determine from the evidence. They apparently had little difficulty in reaching a conclusion.

Messrs. Dudley and Simon have filed a statement assuring us that Hjelm is indigent, and that, in their opinion, based upon their familiarity with his case, there are many issues raised by the appeals which present substantial questions for review. Counsel have attached to their statement a copy of a motion, made after Hjelm's conviction, for a judgment of acquittal notwithstanding the verdict of the jury, or for a new trial, asserting many errors. Counsel for the Government have filed a response questioning whether Hjelm is financially unable to prosecute his appeals, and whether there is an adequate showing that any issue raised or to be raised by his appeals is not plainly frivolous.

We accept the statement of counsel for Hjelm that he is now a pauper, nothing to the contrary being shown. We cannot accept, in the absence of an agreed statement of facts or a transcript of the evidence, the statement that issues are presented by his appeals which are not frivolous.

It is scarcely conceivable that the experienced District Judge who pre-

sided at the trial of this case could have committed errors so fundamental and extensive as to invalidate Hjelm's conviction on each count of the four indictments or on enough counts to leave the general sentence without adequate support. Surely if there was a valid conviction under any three good counts of the four indictments, that would sustain the judgment. Cf. Claassen v. United States, 142 U.S. 140, 146–147, 12 S.Ct. 169, 35 L.Ed. 966; Whitfield v. State of Ohio, 297 U.S. 431, 438, 56 S.Ct. 532, 80 L.Ed. 778; Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321; Barenblatt v. United States, 360 U.S. 109, 115, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Hulahan v. United States, 8 Cir. 214 F.2d 441, 442–443.

Without knowing more about the factual basis for Hjelm's claims of error, we are not justified in requiring the Government to provide him with a transcript of the entire evidence, which it is estimated will cost $3,500. Nor are we justified in appointing counsel to represent him in this Court unless we are shown that there is some issue to be raised which is debatable and not plainly frivolous.

■ To enable us to determine whether or not the appeals of Hjelm are frivolous, the United States Attorney is directed to procure promptly at Government expense, and to file with this Court, a transcript of so much of the evidence as pertains to any three of the offenses of which Hjelm was found guilty. As soon as the transcript is obtained, a copy thereof shall be served on counsel for Hjelm, who, within twenty days thereafter, shall serve on the United States Attorney, and file, a typewritten statement pointing out specifically what, if any, errors committed with respect to the three counts covered by the transcript it is claimed would warrant the reversal of the judgment appealed from or indicate the presence of some issue for review which is not plainly frivolous. Counsel for the Government shall have twenty days thereafter to file a typewritten response. Hjelm's motion for leave to proceed at Government expense shall, unless this Court shall otherwise order, be taken as submitted upon the partial transcript of the evidence hereby required, the charge of the trial judge, the files and records of the District Court, and the statements of counsel.