## STATE v. CHARLES ROBERT VINES.

(Filed 11 November, 1964.)

**1. Burglary § 2—**

Breaking is not an essential element of the offense of entering a building with the felonious intent to commit the crime of larceny. G.S. 14-54.

**2. Criminal Law § 164—**

Where concurrent sentences are imposed on two separate counts of the indictment, error relating to the count on which the lesser sentence is imposed cannot be prejudicial in the absence of error affecting the other count.

APPEAL by defendant Charles Robert Vines from *Walker, Special Judge,* April 27, 1964, Assigned Criminal Session of WAKE.

Charles Robert Vines and Robert Lee Kittrell were indicted in a bill containing three counts, to wit: First, feloniously breaking and entering H. W. Arnold's store; second, larceny of merchandise of the value of $50.00; and third, receiving stolen property with felonious intent.

The court, in accordance with G.S. 15-4.1, appointed counsel for each defendant; and at trial, each defendant was represented by his court-appointed counsel. As to each defendant, the jury returned verdicts of

guilty as charged in the first and second counts of the bill of indictment.

As to appellant, the court pronounced judgments as follows: (1) Based on his conviction of breaking and entering as charged in the first count, the court pronounced judgment that Vines "be imprisoned in the State's Prison for a term of NOT LESS THAN FIVE YEARS NOR MORE THAN SEVEN YEARS." (2) Based on his conviction of larceny as charged in the second count, the court pronounced judgment that Vines "be imprisoned in the State's Prison for a term of NOT LESS THAN FOUR YEARS NOR MORE THAN SIX YEARS."

Vines, in open court, gave notice of appeal.

Later, court-appointed *trial* counsel for Vines was permitted to withdraw and was relieved of further duties; and orders were entered in which the court appointed new counsel to perfect Vines' appeal and represent him in connection therewith and ordered that Wake County pay all necessary expenses incident to such appeal. The appeal has been perfected and Vines is represented in this Court by his present *(appellate)* counsel.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*E. E. Hollowell for defendant appellant.*

PER CURIAM. According to the State's evidence, the arresting officer found Vines in Arnold's Store on Monday, April 13, 1964, at 3:25 a.m., with "some groceries in his arms"; and shortly before he found Vines, the arresting officer saw Kittrell "coming from the window" with groceries "in his arms."

Vines testified that he was in Arnold's Store when apprehended. His explanation was that he had noticed an open window and a light shining outside; that he was a friend of Mr. Arnold and was concerned for his health; and that he entered the store to see if Mr. Arnold was there and was all right. It is noted that Mr. Arnold testified that he closed his business and locked the doors and windows about 7:30 p.m. "on the Friday before the 13th day of April, 1964," and did not return to the store "until about 3:00 A.M. on April 13, 1964," after he had received a call from officers.

Appellant assigns as error this excerpt from the charge: "You will notice, Members of the Jury, that the Statute does not say breaking and entering, it says breaking or entering with felonious intent. The court instructs you that if you find that on the 13th day of April in the early morning hours of 1964 these defendants or either of them went

into W. H. Arnold's store here in the City of Raleigh with the intent to commit a felony, to wit, larceny and did, in fact, go in the building whether they broke in the building or someone else had broken in it before then, or, if they entered the building without a breaking with the intent to commit the crime of larceny, the felonious crime of larceny then in that event, if the State has satisfied you beyond a reasonable doubt they would be guilty as charged of breaking or entering."

The court had read G.S. 14-54, the statute on which the first count in the bill of indictment is based; and the quoted excerpt related the provisions of this statute to the facts in evidence. Here, there was ample evidence to support a finding as to breaking *and* entering. However, as the court stated correctly, the crime defined in G.S. 14-54 is complete, all other elements being present, if there was *an entry* with felonious intent. *S. v. Mumford,* 227 N.C. 132, 41 S.E. 2d 201; *S. v. Best,* 232 N.C. 575, 61 S.E. 2d 612.

Appellant assigns as error designated excerpts from the court's charge bearing upon the second (larceny) count. While certain of these instructions were inexact, it seems improbable that they confused the jury or otherwise prejudiced Vines with reference to the second (larceny) count. Be that as it may, the sentence imposed on the second (larceny) count is less than that imposed on the first (breaking and entering) count. Since the two sentences run concurrently, error, if any, with reference to the second (larceny) count was not prejudicial to Vines. *S. v. Booker,* 250 N.C. 272, 273, 108 S.E. 2d 426; *S. v. Walker,* 251 N.C. 465, 478, 112 S.E. 2d 61.

Each of appellant's remaining assignments of error has received full consideration. However, none discloses prejudicial error or merits discussion in detail.

No error.