STATE OF NORTH CAROLINA v. PAUL BRUCE RAYNES.

(Filed 12 January, 1968.)

1. **Searches and Seizures § 1—**

Where testimony on the *voir dire* discloses that evidence is obtained by a search of an automobile with the consent of the owner, a defendant who was merely a passenger in the automobile may not object to the admission of incriminating articles found therein.

2. **Larceny §§ 3, 8—**

In a prosecution for the larceny of goods of a value of more than $200 and for the felonious breaking and entering of a home, the failure of the court to instruct the jury that they should convict only for misdemeanor larceny if they find the value of the goods stolen to be less than $200 *is held* not erroneous, since larceny in consequence of a felonious breaking and entering is a felony regardless of the value of the property stolen.

3. **Criminal Law § 137—**

Where there is a general verdict on a bill of indictment containing two or more counts charging distinct offenses, a judgment of imprisonment imposed thereon will be sustained where the punishment does not exceed the statutory maximum on the count which carried the greater punishment.

4. **Larceny § 8—**

An instruction in a larceny prosecution to the effect that, where a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances will support conviction, *held* not error, since immediately before the challenged instruction the court correctly instructed the jury as to the presumption arising from the possession of recently stolen goods.

APPEAL by defendant from *Braswell, J.,* May, 1967 Regular Criminal Session, WAKE Superior Court.

In this criminal prosecution, Paul Bruce Raynes, Calvin Sylvester Winslow and Polly Lane were indicted in a two count bill charging: (1) the felonious breaking and entering into the home of H. S. Tutor on Highway 55 near Fuquay in Wake County; (2) the felonious stealing, taking and carrying away certain specifically described articles, including cigarette lighters, strand of pearls, two watches, one razor, one pillowcase and a great number of nickels, dimes, quarters, half-dollars and dollars contained in a piggybank and in a glass jar, of the total value of $541.75.

The State's evidence disclosed that the H. S. Tudor home near Fuquay was broken into on Saturday, November 5, 1966, at some hour between 12:30 p.m. and 8:30 p.m. The lock on the door had been broken, a cedar chest had been forced open, the contents of three closets dumped on the floor, and the beds upset. Missing from the home were $400 to $450 in coins. The other missing articles had a value of $300 to $350.

Upon arraignment the State took a nol pros as to Winslow and Lane. Winslow testified as a State's witness. According to his story, he came to Cary from his home in Elizabeth City. The defendant Raynes and his two friends, Joe Pinyatello and William Edward Hill, left the home of one Barber, together in Hill's automobile, at about 7:00 p.m. on November 5. At about 10:00 that night, Raynes called witness at the Barber home and requested witness meet him at Fuquay. Witness and Mrs. Lane, in her car with witness driving, finally around 10:00 in the morning, picked up Raynes and Pinyatello. Following Pinyatello's instructions, witness left the highway and drove over a dirt side road to a point where Pinyatello instructed the witness to stop. Pinyatello left the automobile, crossed the road, and picked up a pillowcase with a number of articles in it. The parties went to the Barber home to divide the contents, consisting of coins, one, or possibly two, watches, cigarette lighters, a razor, and a strand of pearls. Raynes and Pinyatello divided up the contents of the pillowcase and Raynes took one share. Pinyatello took one share for himself and one for Hill.

The pillowcase and one of the watches were positively identified as having been taken from the Tutor home. The pearls and the other articles fitted the description of the articles missing from the home. Officers found the pillowcase and the Hamilton watch in the automobile in which appellant was riding. The vehicle belonged to Mrs. Lane. Winslow was driving.

On the morning of November 7, near Fuquay, officers arrested Raynes, Winslow and Polly Lane in Mrs. Lane's automobile. They searched the trunk of the automobile and found the pillowcase, a wedding band, a three-strand set of pearls (the pearls in Mrs. Lane's purse), a Norelco razor and about $300 in silver, "mostly half-dollars, quarters, nickels and dimes".

The State took a nol pros as to Winslow and Lane. The defendant, through court appointed counsel, entered a plea of not guilty. After hearing the evidence, including the evidence of Winslow, the jury returned this verdict: "Guilty of breaking and entering and larceny as charged in the bill of indictment". The Court imposed a prison sentence of 3 to 5 years. The defendant appealed.

*T. W. Bruton, Attorney General; Ralph Moody, Deputy Attorney General, for the State.*
*Douglas F. DeBank for defendant appellant.*

HIGGINS, J. The appellant's Assignments of Error No. 1, 2, 3 and 4 involve (1) the Solicitor's leading questions; (2) the Court's permitting Tutor to testify about, and identify certain stolen articles

because they were not set out in the bill of indictment; (3) the same objection with reference to the testimony of the State's witness Winslow, and (4) the introduction in evidence of an unidentified Hamilton watch, although the owner testified he recognized it because of certain scratches on the case. These assignments of error are without merit. Likewise, Assignment of Error No. 6, based upon the failure to direct a verdict of not guilty, and No. 9 for failure to set the verdict aside, are without merit.

By Assignment of Error No. 5, the appellant challenges the admissibility of the articles found in the Lane automobile at the time appellant and Winslow and Mrs. Lane were arrested. The ground for the objection is the lack of authority to make the search. The appellant was a passenger in the vehicle. He was neither the driver nor the owner. The Court, on the *voir dire,* heard evidence and ruled the search was consented to by the owner, Mrs. Lane, and that this being so, the search was legal as to all occupants. The evidence supported the finding and the conclusion. *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206; *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481; *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506; *State v. McPeak,* 243 N.C. 243, 90 S.E. 2d 501. The case of *Jones v. U. S.,* 362 U.S. 257 is not in conflict. In that case, Jones was in charge of premises searched without a warrant.

The defendant, by Assignment of Error No. 7, alleges the Court committed error in failing to charge on the larceny count that if the jury failed to convict on the breaking and entering count and failed to find the value of the stolen goods exceeded $200, that the jury should convict only of a misdemeanor. The bill charged larceny of goods of the value of $541.75. The evidence disclosed that $400 to $500 in money was taken and other personal property extending the value to $700 to $800. The jury found the defendant "guilty of breaking and entering and larceny as charged in the bill of indictment". Larceny in consequence of a felonious breaking and entering is a felony regardless of the value of the property stolen from the building. *State v. Hagler,* 268 N.C. 360, 150 S.E. 2d 521. When one judgment is entered after conviction of more than one count in a multiple count bill, the judgment will be sustained if the punishment does not exceed that which is permissible on the count which carries the greater or greatest punishment. In this case, either count would support a judgment of imprisonment up to 10 years.

Finally, the defendant contends he is entitled to a new trial because of this instruction: "When a person is found in possession of recent *(sic)* stolen property, slight corroborative evidence of other inculpatory circumstances tending to show guilt will support con-

viction". Immediately before giving the challenged instruction, the Court charged:

> ". . . The presumption that the possessor is the thief which arises from the possession of stolen goods, is a presumption of fact and not of law, and is strong or weak as the time elapsing between the stealing of the goods and the finding of them in the possession of the defendant is short or long.
> This presumption is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of his guilt."

It is the general rule in this State that one found in the unexplained possession of recently stolen property is presumed to be the thief. This is a factual presumption and is strong or weak depending on circumstances — the time between the theft and the possession, the type of property involved, and its legitimate availability in the community. The possession of an unmarked carton of Camel cigarettes, even in a short time after cigarettes have been stolen, in the absence of some further identification, will not be as strong as the possession of a recently stolen pillowcase, a three-strand pearl necklace, a diamond wedding band, a Hamilton watch, and a Norelco electric razor, and several hundred dollars in nickels, dimes, quarters and half-dollars. The possession of these stolen articles on Sunday morning following a breaking on the previous afternoon presents a strong case of circumstantial evidence. Careful review discloses

No error.