STATE OF NORTH CAROLINA v. CHARLES FRANK SMITH

No. 7013SC502

(Filed 21 October 1970)

1. **Larceny § 6; Criminal Law § 42— larceny prosecution — admission of article stolen**

   In a prosecution charging defendant with felonious breaking and entering and with the larceny of a power saw, the trial court properly admitted in evidence as an exhibit the saw which a deputy sheriff recovered from an abandoned house, since the saw had been previously identified by its owner as the property taken from his home when it was broken into.

2. **Criminal Law § 61— evidence of foot tracks**

   In a prosecution charging defendant with felonious breaking and entering and with larceny, it was proper for the investigating officer to testify that he followed foot tracks leading from the house broken into to the residence of the defendant, where (1) an eyewitness to the crime had already testified concerning the defendant's commission of the crime and the exact route that he and defendant had taken from the crime scene and (2) the court instructed the jury that the foot tracks were to be considered merely as corroborative evidence.

3. **Larceny § 10; Criminal Law § 138— sentence on consolidated judgments**

   Where the defendant was convicted of felonious breaking and entering and of misdemeanor larceny, and the counts were consolidated for judgment, the fact that the sentence of five to seven years' imprisonment exceeded the maximum for misdemeanor larceny did not constitute reversible error, since the sentence was within the statutory maximum allowed for felonious breaking and entering.

APPEAL by defendant from *Bickett, J.*, 20 April 1970 Session of BLADEN Superior Court.

Defendant was indicted in a two count bill charging: (1) the felonious breaking and entering on 7 March 1970 into the dwelling house occupied by Bennie Smith in Bladen County; and (2) the larceny by breaking and entering said dwelling of "one power saw of the value of One Hundred Twenty-five

Dollars ($125.00) of the goods, chattels and moneys of the said Bennie Smith then and there being found." Defendant pleaded not guilty.

The State's evidence was in substance as follows:

Bennie Smith testified: He locked his house when he left it about 1:30 on 7 March 1970. When he returned about 4:30 he noticed window panes had been broken out and his power saw was missing. He identified State's Exhibit 1, a Sears-Roebuck chain saw, as his saw. He had had it approximately two years and had given a hundred dollars for it. He next saw it on the following morning when a deputy sheriff brought it to his house.

Kenneth Lee Smith, defendant's thirteen-year-old brother, testified: He was with defendant at Bennie Smith's house on the afternoon of 7 March 1970. They observed the saw through the window. Defendant broke out two or three panes, reached in and got the saw, and took it across the road through the woods to an old abandoned house, where defendant hid it. Then they went home. Kenneth Lee Smith wore a pair of tennis shoes that day.

T. C. Bordeaux, a deputy sheriff of Bladen County, testified: On Sunday morning, 8 March 1970, he went to Bennie Smith's residence and found an entire window had been broken out. The bottom sill of the window was about four feet high. He found footprints of two subjects. One footprint indicated it might have been made by a tennis shoe. The other was made by hard-soled shoe. The tracks left from a dirt road and went toward the broken window. They led away from the window, across the dirt road, and through a wooded area to an old abandoned house, which was about a quarter of a mile from Bennie Smith's house. He followed the same tracks from the old house to defendant's residence, where he found defendant, his brother Kenneth, and their mother. Kenneth Smith then told him that defendant had broken out a window, had taken the saw, and had hid it at the old house. Kenenth Smith accompanied him back to the old house where they found the saw under the house. The saw had been in possession of the sheriff's department since it was found underneath the house. The saw, State's Exhibit 1, was received in evidence.

---

---

Ernest Caine, whose farm adjoins Bennie Smith's home, testified: He had seen defendant and his little brother going down the road towards Bennie Smith's house about 2:30 p.m. on 7 March 1970. The next morning he was with Deputy Sheriff Bordeaux at Bennie Smith's house and noticed tracks under the window which was broken out. He saw two sets of tracks leading from the road to the window. The small track was a tennis shoe track and the large track was a smooth slipper track. The tracks led away from the window, and he and the officer followed the tracks to the old abandoned house and from there to defendant's home. The little boy told them where the saw was, and they went back to the abandoned house and found the saw under the house.

On cross-examination Ernest Caine testified that when he had seen the two boys on the road, he had been disking his field. He pulled his tractor up to the highway about the time they approached. The boys stopped where he was with his tractor and stepped over in the side ditch, where they talked two or three minutes. He further testified: "The two tracks that was made there in the ditch was the same two tracks that went into Bennie Smith's house and also came back from Bennie Smith's house and went to their house. I saw the defendant standing in the tracks that was made there at my tractor . . . "

Defendant offered no evidence. The jury found him guilty of breaking and entering and larceny. The court ordered both counts in the bill of indictment consolidated for judgment and imposed sentence of imprisonment for not less than five nor more than seven years. Defendant appealed.

*Attorney General Robert Morgan, by Staff Attorney William B. Ray for the State.*

*Robert Michael Bruce for defendant appellant.*

PARKER, Judge.

[1]   Appellant contends there was error when the court allowed the State to introduce in evidence as an exhibit the saw which the deputy sheriff testified he recovered from underneath the old abandoned house. Aside from the fact that the record discloses no objection or exception to the admission of this evidence, appellant's contention is without merit. Prior to admission of this evidence, the saw had been identified by its owner as the property taken from his home when it was broken into,

and defendant's own brother had testified as to defendant's breaking into the home, removing the saw therefrom, and hiding it under the old house. The evidence was clearly admissible.

[2]  Appellant assigns as error the overruling of his objections to questions which the solicitor asked the deputy sheriff concerning the foot tracks. In our opinion this testimony was properly admitted in evidence. When this testimony was offered, the State's witness, Kenneth Lee Smith, had already testified as an eyewitness to defendant's commission of the crimes with which he was charged and concerning the exact route he and defendant had walked over at the time. The court instructed the jury that the evidence with reference to footprints was offered, not as substantive evidence, but merely as corroborative evidence. The case of *State v. Palmer*, 230 N.C. 205, 52 S.E. 2d 908, cited by appellant, is clearly distinguishable on its facts. In that case there was no evidence linking defendants to the scene of the crime other than insufficiently identified footprints and tire tracks.

[3]  Appellant assigns as error the judgment imposing sentence of imprisonment of from five to seven years, pointing out that the court in charging the jury on the second count failed to require the jury to find that the larceny was committed by breaking and entering. Appellant contends that, since the property stolen was not more than $200.00 in value, under the court's charge the jury's verdict on the second count amounted to a finding of guilt of misdemeanor larceny. Even so, the two counts were consolidated for judgment and the punishment imposed was within the statutory maximum authorized by the jury's verdict on the first count. "When one judgment is entered after conviction of more than one count in a multiple count bill, the judgment will be sustained if the judgment does not exceed that which is permissible on the count which carries the greater or greatest punishment." *State v. Raynes*, 272 N.C. 488, 490, 158 S.E. 2d 351, 353; *State v. Smith*, 266 N.C. 747, 147 S.E. 2d 165; *State v. White*, 2 N.C. App. 398, 163 S.E. 2d 82.

Appellant has made a number of other assignments of error, all of which we have carefully examined and in none of which we find prejudicial error.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.