**Wayne Henry TAYLOR, Petitioner,**

v.

**Dr. Stanley BLACKLEDGE, Warden, Central Prison, Raleigh, N. C. and State of North Carolina, Respondents.**

**Civ. No. 2846.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Dec. 28, 1971.

Wayne Henry Taylor, pro se.

Jacob L. Safron Asst. Atty. Gen., of N.C., Raleigh, N.C., for respondents.

## ORDER

BUTLER, Chief Judge.

This proceeding comes before the court upon an application of a state prisoner for a writ of habeas corpus. Petitioner was charged with 14 counts of felonious breaking and entering, 14 counts of felonious larceny, and two counts of misdemeanor larceny. Petitioner was represented in the state court by privately retained counsel. He entered pleas of nolo contendere to all counts at the October 6, 1969 Session of

the Superior Court of New Hanover County. The court consolidated 14 felony counts (7 counts of breaking and entering, and 7 counts of larceny) for judgment and sentenced the petitioner to seven to ten years imprisonment. The court then consolidated 12 of the remaining felony counts (6 counts of breaking and entering, and 6 counts of larceny) and the two misdemeanor counts for judgment and sentenced the petitioner to seven to ten years, the second sentence to commence at the expiration of the first. The record does not disclose the disposition of two of the felony counts. The petitioner appealed to the North Carolina Court of Appeals which affirmed the 26 felony convictions, but reversed the misdemeanor convictions on the grounds that the Superior Court lacked jurisdiction of the misdemeanor counts, and remanded those counts to the Superior Court with direction to remand to the District Court for retrial. Petitioner alleges that he is being held in custody in violation of the Constitution in that (1) his pleas were involuntary because he was under the influence of drugs at the time of his arraignment, and (2) he should have received "credit" on the sentences imposed by reason of the reversal of the two misdemeanor counts. The two contentions were presented in a State Post-Conviction proceeding on March 11, 1971, in the New Hanover County Superior Court. The state court found that the pleas had been voluntarily made, that the petitioner was not under the influence of drugs at the time he plead nolo contendere to the counts and that he was not being held in custody in violation of the Constitution.

■ The state court found as a fact that the petitioner was in "full possession of his faculties" when he made his plea and that "if he had taken medicine of any kind it had no effect whatever upon his mental or physical faculties and his ability to understand was not impaired in any manner." The court further found that petitioner's trial counsel was diligent in preparing the

case; that he used his best judgment in advising petitioner relative to his plea, and that the petitioner was well aware of the nature and consequences of his plea of nolo contendere. The findings of the post-conviction court are adequately supported by the record and are adopted by this court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Contention (1) is without merit.

■ Petitioner contends that because the two misdemeanor counts were consolidated with 12 felony counts for judgment and because judgment was entered thereon, and because the N. C. Court of Appeals reversed the judgments on the misdemeanor counts that he is entitled to "credit" for the two reversed counts which he alleges were subsequently nolle prossed. The petitioner seems to mean by "credit" that he should receive a reduction of his sentence in some unspecified amount. Petitioner could have been sentenced to a total of two hundred sixty-four years on the twenty-six felony counts of which he was convicted, and the two misdemeanor counts of larceny. Instead, the trial judge divided the counts into two groups and consolidated the counts in each group for judgment. He sentenced the petitioner to 7–10 years on the first group, all felonies, and to 7–10 years on the second group which included the two misdemeanor counts, the latter sentence to commence at the expiration of the first sentence. While the petitioner has not entered upon the service of his second sentence which he attacks, a Federal District Court may entertain a petition for a writ of habeas corpus by a prisoner serving the first of consecutive sentences who claims that the sentence that he is to serve in the future is constitutionally invalid. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Where a single judgment is entered upon convictions of more than one count, the judgment will be sustained if any one or more counts are good and the punishment does not exceed the maximum prescribed for any valid count that

supports the judgment.[1] State v. Raynes, 272 N.C. 488, 158 S.E.2d 351 (1968); State v. Smith, 266 N.C. 747, 147 S.E.2d 165 (1966); State v. Smith, 9 N.C.App. 553, 176 S.E.2d 896 (1970); Whitfield v. Ohio, 297 U.S. 561, 56 S.Ct. 532, 80 L.Ed. 395 (1936); Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); Price v. United States, 384 F.2d 650 (10th Cir. 1967); United States v. Nitti, 374 F.2d 750 (7th Cir. 1967).

Petitioner's 26 felony convictions were affirmed on appeal. Each of said convictions would support a judgment of seven to ten years.

The court is of the opinion that petitioner is not entitled to "credit" for the two reversed misdemeanor charges. Now, therefore,

It is ordered that the application for Writ of Habeas Corpus be, and the same is hereby, denied.

---

[1] This is not a case involving a situation where a general sentence upon multiple counts exceeds the maximum sentence which could have been imposed under any single count, but does not exceed the maximum aggregate sentence allowable for all valid counts. Hjelm v. United States, 277 F.2d 393 (8th Cir. 1960).