STATE OF NORTH CAROLINA v. DEXTER WRIGHT

No. 744SC493

(Filed 17 July 1974)

1. **Robbery § 4— armed robbery — aiding and abetting — sufficiency of evidence**

    Evidence was sufficient to show that defendant aided and abetted another in an armed robbery where it tended to show that defendant transported the principal to the home of the victim where the robbery took place and then went back to the victim's store where he waited to assist the principal in getting away.

2. **Criminal Law § 9— defendant away from crime scene — aider and abettor — sufficiency of evidence**

    Where defendant and two others entered into a plan to rob a storeowner, defendant became a party to the breaking, entering, and larceny of the store, though he was at the home of the storeowner when the offenses were committed and though they may have been committed without his knowledge, consent, assistance or encouragement.

3. **Larceny § 8— felonious larceny — value of property taken — instructions unnecessary**

    The trial court did not err in failing to instruct the jury that they must find that the value of the property stolen from the store exceeded $200 in order to find defendant guilty of felonious larceny, since the crime of larceny is a felony without regard to the value of the property in question if the larceny is committed pursuant to a felonious breaking or entering.

ON *certiorari* to review judgments of *Copeland, Judge,* entered at the 23 October 1972 Session of Superior Court held in ONSLOW County.

Defendant and Daniel Jones (Jones) were charged jointly in a bill of indictment with the felonies of (1) breaking and entering a store belonging to Robert L. Petrea and (2) larceny of chattels and money from said store. In another bill of in-

dictment, defendant and Victor Ray Owens, Jr., (Owens) were charged with the armed robbery of Petrea. Defendant pleaded not guilty to all charges.

Defendant was tried separately from his codefendants and principal testimony against him was provided by them. The State's evidence tended to show:

During the evening of 13 September 1972, Jones and Owens discussed their need for money to provide for their defense in criminal charges then pending against them. They decided to rob a store and needed a getaway car. They approached defendant, Jones' brother-in-law, about borrowing his car but defendant insisted on going with them. Around 10:30 p.m. or later, the three of them went to Jones' house and picked up a shotgun and a pistol. Owens had a wig and a brassiere which he put on "after they got moving"; he also had a woman's carrying bag. They drove to the Piney Green Community of Onslow County where they had planned to rob a Jippy's(?) grocery store. On arrival at that store, they found a large number of people in and around the place. They then decided to rob Petrea's store which was in the same area.

When they arrived at Petrea's, they observed that he had closed the store but was inside checking up. Their attention was temporarily distracted by some people using a pay telephone in the vicinity, and when they looked toward the store again, Petrea had come out and was getting into his automobile. Jones stayed at the store while defendant and Owens followed Petrea several miles to his home for purpose of getting Petrea and bringing him back to the store to rob him. Upon arrival at Petrea's home, at Owens' direction, defendant left Owens there and returned to the store.

Owens proceeded to enter Petrea's home and, at gunpoint, ordered Petrea to go with Owens back to the store. Petrea told Owens that he had the store's money at the house and proceeded to deliver more than $400 to Owens. Owens then forced Petrea, his wife, son and grandson into Petrea's car and required Petrea to transport him several miles but not to the store. During that time, Owens and Petrea exchanged shots, Petrea shooting Owens in his chin and Owens shooting Petrea in his leg.

When defendant returned to the store, he found Jones inside. Jones had made entry into the store by removing a panel

from a rear door. After entering, Jones had looked around and found a large collection of coins. He placed them in bags and removed them to the hole at the back door where he had entered the store. When Jones saw defendant returning, he instructed defendant to drive near the back. Defendant then went to the hole at the back door where he assisted Jones in removing the coins from the store and into defendant's car.

After leaving the store, Jones and defendant rode around for some time looking for Owens. Failing to find Owens, they went to Jones' home where Owens joined them later that night. The three of them divided part of the money that had been taken, defendant receiving $100. The next morning, Owens was taken to a hospital in Goldsboro for treatment of his injuries.

A jury found defendant guilty as charged. The court entered judgments imposing prison sentences as follows: on the armed robbery count, not less than 15 nor more than 20 years to be credited with time spent in jail awaiting trial; on the breaking and entering count, 10 years to run concurrently with the sentence imposed on the armed robbery count; on the larceny count, 10 years to run concurrently with the sentence imposed on the breaking and entering count. The court recommended that all sentences be served in a youthful offenders unit.

Defendant appealed and the appeal not being perfected within the time permitted by our rules, we allowed certiorari.

*Attorney General Robert Morgan, by Associate Attorney Archie W. Anders, for the State.*

*Cameron and Collins, by William M. Cameron, Jr., for defendant appellant.*

BRITT, Judge.

Defendant contends the evidence was insufficient to support his convictions of the felonies of armed robbery, breaking and entering, and larceny. He argues that the armed robbery of Petrea at Petrea's home by Owens, and the breaking into and entering the store by Jones, were committed without his knowledge, consent, assistance or encouragement. As to the larceny, he argues it had been committed when he returned to the store, and that at most, he was a participant in concealing stolen property. We reject these arguments.

The State contends defendant was an aider and abettor in the commission of the crimes charged. A principal in the first degree is one who actually commits the offense with his own hand; an aider and abettor is a principal in the second degree. *State v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5 (1952). There is no practical difference between principals in the first and second degrees, since all are equally guilty. *State v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670 (1954) ; *State v. Best,* 232 N.C. 575, 61 S.E. 2d 612 (1950). An aider and abettor is one who advises, counsels, procures, encourages or assists another in the commission of a crime. *State v. Beach,* 283 N.C. 261, 196 S.E. 2d 214 (1973) and cases therein cited.

[1] We have no difficulty in concluding that defendant aided and abetted Owens in the armed robbery of Petrea. Certainly, defendant encouraged and assisted Owens in the commission of the crime when he transported Owens to the scene of the crime and then went back to the store where he waited to assist Owens in getting away. We think it makes no difference that the robbery occurred at Petrea's home rather than at his store.

[2] With respect to defendant's being an aider and abettor in the breaking and entering, in *State v. Maynard,* 247 N.C. 462, 470, 101 S.E. 2d 340, 346 (1958), we find: ". . . 'Everyone who enters into a common purpose or design is equally deemed in law a party to every act which had before been done by the others, and a party to every act which may afterwards be done by any one of the others, in furtherance of such common design.' (Citations.)" Quoted with approval by Justice Higgins in *State v. Lovelace,* 272 N.C. 496, 498, 158 S.E. 2d 624, 625 (1968).

Defendant entered into a common purpose or design with Owens and Jones to obtain Petrea's money by unlawful means, and we think defendant became a party to the breaking, entering, and larceny by Jones.

We hold that the evidence was sufficient to sustain the verdicts returned by the jury.

[3] Defendant contends that the court erred in not instructing the jury that they must find that the value of the property stolen from the store exceeded $200 in order to find defendant guilty of felonious larceny. The contention is without merit. The crime of larceny is a felony, without regard to the value of the

property in question, if the larceny is committed pursuant to a felonious breaking or entering. G.S. 14-72; *State v. Raynes*, 272 N.C. 488, 158 S.E. 2d 351 (1968). We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges MORRIS and BALEY concur.