STATE OF NORTH CAROLINA v. RAY THOMAS HAGLER

No. 7626SC711

(Filed 2 March 1977)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— possession of recently stolen property — sufficiency of evidence**

   In a prosecution for breaking and entering and larceny, the fact that defendant lived in the same rooming house as the victim and that defendant was in possession of the victim's personal appliances very soon after they were taken from the apartment were circumstances sufficient to permit the jury to conclude that defendant was the thief.

2. **Arrest and Bail § 6— assaulting police officer — instructions — lawful or unlawful entry by officer — rights of defendant**

   Defendant is entitled to a new trial on the charge of assaulting a police officer while in the performance of his duties where the State's evidence tended to show that defendant pulled a loaded pistol on the officer when he tried to arrest defendant but defendant's evidence tended to show that officers entered defendant's motel room without warning and arrested him, since the trial court's instructions ignored the question as to whether the officer's entry into defendant's motel room was legal or illegal, and the jury should have been instructed as to defendant's rights if the entry was illegal.

APPEAL by defendant from *Thornburg, Judge.* Judgments entered 31 March 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 February 1977.

Defendant was indicted for breaking and entering, larceny and assault with a firearm on a law enforcement officer in the performance of his duty.

The State's evidence with reference to the felonious breaking and entering and larceny charges tends to show the following: Raymond Taylor, who lived in a rooming house in Charlotte, suffered a heart attack on 23 October 1975. Taylor was away from his apartment from 23 October 1975 to 29 October 1975. When he returned on 29 October 1975, he found that the locks had been changed and that his landlord had left a key for him with his neighbor across the hall. Taylor found that his television, stereo, clock radio and antenna were missing from his apartment. He had not given anyone permission to enter his apartment or remove any of the items. He reported the theft to the police. The items which were stolen from Taylor were valued at more than $200.00.

State v. Hagler

Defendant lived in an upstairs apartment in the same house. He knew Taylor and had been in his apartment. Charles Bass testified that on 28 October 1975, the defendant came into his brother's store and brought a television, stereo component system and an antenna and tried to sell them to Bass. The following day, Bass bought them and defendant gave him a receipt. Taylor identified those items as the ones that had been stolen from his apartment. The handwriting on the receipt given Bass by defendant was stipulated to be that of defendant.

Defendant offered no evidence in connection with the charges of breaking and entering and larceny.

On 20 November 1975, Officer Crump of the Charlotte Police Department arrested defendant in a motel room in Charlotte. After the officer told defendant that he had a warrant for his arrest, defendant stuck a Colt .38 revolver against the officer's stomach. The pistol was loaded. The officer wrestled the pistol from defendant and took him to jail.

The jury found defendant guilty on all three of the charges. Judgments were entered imposing consecutive prison sentences of ten years for the breaking and entering, ten years for the felonious larceny and five years for the felonious assault.

*Attorney General Edmisten, by Associate Attorney Henry H. Burgwyn, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defenders James Fitzgerald and Mark A. Michael, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant argues that the evidence was insufficient to take the case to the jury. The argument is without merit.

> "It is the general rule in this State that one found in the unexplained possession of recently stolen property is presumed to be the thief. This is a factual presumption and is strong or weak depending on circumstances—the time between the theft and the possession, the type of property involved, and its legitimate availability in the community." *State v. Raynes, 272 N.C. 488, 158 S.E. 2d 351.*

Defendant lived in the house where the victim lived. His possession of the victim's personal appliances so soon after

they were taken from the apartment are circumstances sufficient to permit the jury to conclude that he was the thief. We find no error in defendant's trial on the charges of felonious breaking and entering and larceny.

The only assignment of error in connection with the trial on the charge of assault with a firearm upon a law enforcement officer while the officer was in the performance of his duties is directed to the judge's charge to the jury.

The State's evidence tended to show the following: A uniformed officer of the Charlotte Police Department, accompanied by three other uniformed law enforcement officers, went to the door of the motel room occupied by defendant at about 7:00 a.m. The officer had a warrant for defendant's arrest. He knocked on the door of the motel room and defendant came to the window, pulled the drapes back and looked out. The drapes were then closed and the officer knocked again and said, "Police. Open the door." The officer knocked a third time and the door opened. "It was not locked. It was just standing ajar." The officer saw defendant standing by the bed. He said, "Police, I have a warrant for your arrest" and then walked over to defendant. Defendant then turned and stuck a loaded pistol against the officer's stomach. The officer managed to grab the pistol and twist it out of defendant's hands. Defendant was then handcuffed and taken into custody.

Defendant offered evidence tending to show the following: He and his wife were in bed in the motel room. William C. McCauley was sharing the motel room with defendant and defendant's wife. McCauley had got out of bed and was making a cup of coffee. McCauley had not heard anyone knock on the door or anyone say anything prior to the time, that as he put it, "the door hit the wall" and the officers came in and arrested defendant. Defendant's wife testified that she heard nothing prior to the time the officers were in the room taking defendant into custody. Defendant did not testify.

[2]  In *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897, officers entered defendant's home to take custody of a minor pursuant to a juvenile court order. Defendant Sparrow struck the officer while they were taking the minor into custody and was convicted of obstructing an officer in the performance of

his duties. The evidence was conflicting as to the circumstances of the officers' entry into the house. The Court reasoned:

> "Officers have no duty to make an illegal entry into a person's home. Hence, one who resists an illegal entry is not resisting an officer in the discharge of the duties of his office." *State v. Sparrow*, 276 N.C. 499, 512, 173 S.E. 2d 897.

The Court said:

> "The crucial question then is whether the officers entered the Sparrow home legally. If, as Maness testified, entry was made after the officers knocked on the front door and received an invitation to come in, their entry and presence were legal. If, as the evidence for the Sparrows tended to show, the officers entered, both from the front and from the back, without knocking, without declaring their identity, authority and mission, and without receiving an invitation to come in, their entry and presence were illegal.
>
> The court's instructions did not submit this factual controversy for determination by the jury. There were no instructions bearing upon the rights of the Sparrows if the entry by the officers was illegal. In charging the jury in respect to Marvin's case, the court gave this mandate:

>> '[I]f the State has satisfied you . . . beyond a reasonable doubt that on or about the 5th day of May, 1969 . . . the defendant Marvin Ray Sparrow did resist, delay or obstruct an officer, to wit, Mr. Maness, D. M. Maness, in the performance of a duty, that he, Mr. Maness, or Officer Maness, was on a duty, that is, a police duty, and that that duty constituted the service of a process on Karen Torpey, and that he was obstructed or delayed or resisted from carrying out this duty by the defendant Marvin Ray Sparrow, then it would be your duty to find Marvin Ray Sparrow guilty on this charge of resisting, as it's been characterized, interfering with an officer in the performance of his duty.'

> Thus, the court's instructions ignored the crucial question, whether the entry by the officers was legal or illegal. The jury should have been instructed as to the rights of Marvin

if the entry was illegal. Error in this respect was prejudicial and sufficient to entitle Marvin to a new trial." *State v. Sparrow, supra,* at p. 513.

The relevant portion of the charge in the case before us lacks the same instruction said to be crucial in *Sparrow.*

In the light of *Sparrow,* we must hold that defendant is entitled to a new trial on the charge of assaulting the officer while in the performance of his duties. We note that the relevant statute, G.S. 15A-401, now provides, in part, as follows:

"(e)  Entry on Private Premises or Vehicle; Use of Force.—

(1) A law-enforcement officer may enter private premises or a vehicle to effect an arrest when:

\*     \*     \*

c. The officer has given, or made reasonable effort to give, notice of his authority and purpose to an occupant thereof, unless there is reasonable cause to believe that the giving of such notice would present a clear danger to human life."

In defendant's trial on the charges of felonious breaking and entering and larceny, we find

No error.

On the charge of assault with a firearm on a law enforcement officer while in the performance of his duties, there must be a

New trial.

Judges HEDRICK and CLARK concur.